## 40496. KING v. THE STATE.

RUSSELL, Judge. 1. Testimony of revenue agents in a pursuing automobile following as closely as six feet behind a fleeing car operated by the defendant to the effect that another occupant of the vehicle threw a case of half-gallon fruit jars from the car to the side of the road at an identified location and that after apprehending the vehicle and giving chase to the occupants the witnesses returned and found at that location a case with two unbroken half-gallon jars of moonshine liquor plus other broken jars is direct evidence of the facts testified to and circumstantial evidence as to the ultimate fact to be found, whether the defendant was in possession of and transporting nontax-paid liquor. Cf. *Jones v. State,* 91 Ga. App. 662 (86 SE2d 724). The testimony being authorized by the facts stated, was not objectionable as a mere conclusion. *Harris v. State,* 69 Ga. App. 872 (1) (27 SE2d 51). Since from the facts an inference is authorized that the case and fruit jars hurled from the car were in fact the same as those recovered, special grounds 1 and 5 of the amended motion for a new trial are without merit.

2. The witness for the State testified on cross examination in answer to a question not appearing in the record: "As to whether I knew at the time he was throwing it out the window it was [whiskey], I had a good idea what it was," the ground of objection being, "I asked him did he know and I object to him answering the question in that manner." Again, in answer to an unstated question, the witness said: "The reason we didn't stop and pick up the evidence at the time it was thrown out, we wanted to catch him. He's hard to pick up sometimes," the ground of objection being: "That's not responsive to the question, and I ask that it be stricken." *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48) reiterates: "In *Felton v. State,* 93 Ga. App. 48 (90 SE2d 607) it was pointed out that peace officers who are witnesses for the State, and who have special training in the field of criminal procedure, have every opportunity to know the basic rules of criminal evidence, including the one that the jury is not to be prejudiced by the injection of the defendant's character in issue when he has not placed it in issue, and that 'voluntary' remarks by such witnesses with a view to placing before the jury that which, if done by a question or remark on the

part of the solicitor, would be error, will not be condoned." However, from the record here it cannot be determined what the question was or whether the answer was in fact unresponsive to it. There was no objection on the ground the witness' statement put the defendant's character in issue, and no reviewable objection at all to the first statement. Although it appears that this particular witness reached, if he did not pass, the farthest bounds of innuendo by intimating that the defendant was a habitual law violator with the statement, "He's hard to pick up sometimes," the point was not made at the time and cannot be raised now.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED JANUARY 28, 1964.

*C. T. Culbert, Vaughn Terrell,* for plaintiff in error.
*Chastine Parker, Solicitor,* contra.