43553.   WILLINGHAM v. THE STATE.

Submitted April 1, 1968—Decided September 5, 1968.

*John McGuigan,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Jack Mallard,* for appellee.

EBERHARDT, Judge. ■ The State contends that appellant in effect admitted in her statement that she was guilty of larceny after trust in regard to the money she had saved from the allot-

ment from her husband who was in the Army, and that the officer's testimony as to her having stated that she had stolen was no worse than this admission. The argument is that the Army has two kinds of allotments; that the first kind is the required allotment for dependents; that the second kind is optional, a means of saving money during service in the armed forces; that the latter kind has an economic value to the nation in reducing the amount of money which has to be sent overseas and in giving the soldier a cushion of savings to help him get started in civilian life when he returns from service; and that when the soldier makes an allotment of the second kind the money is sent by the government monthly to the named relative, and the soldier expects that money to be saved for him to use upon his return.

Whatever may be the practice as to Army allotments, and whatever a hypothetical soldier may expect, appellant's statement does not establish that she was receiving money under both types of allotments or that she was to hold any money in trust for her husband. She stated only: "It was money I had saved from my husband who was in the army, from my allotment, and for where I work on the side. . . My husband was coming home and I didn't want my husband to know I just up and give away this kind of money because he didn't have anything. . ."

We conclude that the unrestricted admission as to appellant having stolen was harmful, in that it did place her character in issue when she had not done so.

■ "It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue. [Citations omitted]. It is universally recognized . . . that 'The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the

same sort, is irrelevant and inadmissible.' [Citations omitted]."
*Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615). "Where a
witness for the State in a criminal case voluntarily injects into
the trial improper and prejudicial matter, on motion for a mis-
trial based thereon, whether mistrial must be granted as the
only corrective measure or whether the prejudicial effect can
be corrected by withdrawing testimony from the consideration
of the jury under proper instructions, is a matter ordinarily in
the discretion of the trial court." *Felton v. State,* 93 Ga. App.
48 (1) (90 SE2d 607). In that case it was pointed out that in
some cases the injection of the character issue may be so im-
proper and prejudicial as to require the grant of a mistrial,
notwithstanding the fact that the trial court undertakes to take
corrective measures or to exclude the testimony in response to
the motion for mistrial, as where the prosecuting witness volun-
teered that "about 10:30 that night, he was shot trying to break
into another house." Likewise, where the State's witness vol-
unteered on cross examination that defendant had been on the
chain gang and had been paroled. *Hooks v. State,* 101 Ga. App.
351 (114 SE2d 48).

On the other hand, where a motion for mistrial is made on
the ground of inadmissible evidence illegally placed before the
jury, the corrective measure to be taken by the trial court is
largely a matter of discretion, and, where proper corrective
measures are taken and there is no abuse of that discretion, the
refusal to grant a mistrial is not error. *Southeastern Greyhound
Lines v. Hancock,* 71 Ga. App. 471 (31 SE2d 59); *Osteen v.
State,* 83 Ga. App. 378, 381 (63 SE2d 692); *Eden v. State,* 43
Ga. App. 414 (1) (159 SE 134); *Tye v. State,* 198 Ga. 262
(4) (31 SE2d 471). In addition to the cited cases, see *Britten
v. State,* 221 Ga. 97, 102 (5) (143 SE2d 176); *Burns v. State,*
191 Ga. 60, 74 (9) (11 SE2d 350); *Carrigan v. State,* 206 Ga.
707 (3) (58 SE2d 407); *Worthy v. State,* 184 Ga. 402 (191 SE
457). And, where the illegal testimony is volunteered by a wit-
ness in an answer not responsive to the question asked, and
where such answer is ruled out, it is ordinarily not an abuse of
discretion to refuse to grant a mistrial. *Fitzgerald v. State,* 82
Ga. App. 521 (2) (61 SE2d 666) and citations; *Flournoy v.*

*State,* 82 Ga. App. 518 (1) (61 SE2d 556); *Haynes v. State,* 80 Ga. App. 99 (2) (55 SE2d 646); *Harrison v. State,* 60 Ga. App. 610 (4) (4 SE2d 602); *Stanford v. State,* 201 Ga. 173 (2) (38 SE2d 823).

In the case at bar the general question of "what happened" asked by the State of its police-officer witness gave appellant's counsel no opportunity to object to the question on the ground that appellant's character would be put in issue, and the volunteered response of the officer that he heard appellant state that she had stolen gave appellant's counsel no election but to move for a mistrial. Under these circumstances and under the above authorities it was the duty of the trial court to exercise its discretion in either granting the motion or taking corrective measures of a lesser nature. Even if we assume, as contended in the State's brief, that the response was admissible to show motive or to rebut appellant's statement as to the source of the money furnished to Lee, or admissible for some other reason, the trial court should nevertheless have severely limited the scope of the evidence admitted for this purpose and specifically instructed the jury as to the limited purposes for which it was admitted. Cf. *Leverette v. State,* 107 Ga. App. 712, 715 (131 SE2d 782). While the State asserts that such a procedure would have emphasized the harmful testimony and thereupon appellant would contend that it was prejudicial error to so emphasize it when he had not requested the instruction, under the authorities cited herein the motion for mistrial presents the question as to whether appellant should be granted a mistrial or any lesser relief; and, if there was a granting of some lesser relief, the complaint in the appellate court must be limited to the proposition that the trial court abused its discretion in not granting greater relief.

The trial court having taken no action whatsoever, however, it was error to deny the motion for mistrial. As stated in *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48) "peace officers who are witnesses for the State, and who have special training in the field of criminal procedure, have every opportunity to know the basic rules of criminal evidence, including the one that the jury is not to be prejudiced by the injection of the defendant's character in issue when he has not placed it in issue, and that 'vol-

untary' remarks by such witnesses with a view to placing before the jury that which, if done by a question or remark on the part of the solicitor, would be error,[1] will not be condoned. While motions for mistrial are addressed largely to the discretion of the trial judge, and he may obviate the necessity for mistrial by proper instructions, the court here said merely, 'I will exclude it,' and gave the jury no instructions whatever. Under the record of this case, it was error to deny, the motion for a mistrial, no other corrective measures having been taken."

*Judgment reversed. Felton, C. J., and Whitman, J., concur.*

---

[1] See *Code* § 81-1009, and compare *Atlantic C. L. R. Co. v. Coxwell*, 93 Ga. App. 159, 168 (10) (91 SE2d 135); *Atlantic C. L. R. Co. v. McDonald*, 103 Ga. App. 328 (3) (119 SE2d 356); and *Georgia Power Co. v. Puckett*, 181 Ga. 386, 393 (3-5) (182 SE 384) with *City of Macon v. Smith*, 117 Ga. App. 363 (4) (160 SE2d 622).