## 29364. LANHAM v. THE STATE.

NICHOLS, Presiding Justice.

Robert Lanham was tried, convicted and sentenced to ten years imprisonment for the offense of armed robbery. His motion for new trial was overruled and the present appeal filed. The evidence adduced on the trial showed without dispute that Robert Lanham entered a place of business (service station and grocery store) in Hall County, Ga., where he proceeded to select various items for purchase placing them on a check-out counter until the only other male customer of the establishment left. At this time a co-indictee—who has pled guilty to the crime—who had been putting gas in an automobile then entered the store holding a pistol. All demands for money were made by the co-indictee. After the armed robbery the appellant and the co-indictee left together in the same automobile. The evidence is in dispute as to whether the appellant motioned or called for the co-indictee to come into the store after the other male customer left, whether the appellant attempted to stop the armed robbery or was aiding such robbery by ushering three people toward the back of the store, and whether he left and went to the

automobile to escape from the co-indictee or whether such exit was to escape after the armed robbery.

1. The contention that the trial court erred in permitting the district attorney to cross examine the appellant with reference to a prior indictment upon which the defendant had entered a plea of guilty is without merit. At the time of this cross examination the indictment was not introduced in evidence, nor was it shown to the jury. The appellant had previously testified that he was not in the county where the plea of guilty was entered on the date that such crime was committed and the cross examination consisted of the district attorney showing the indictment and plea of guilty to the appellant during such cross examination, but no disclosure as to the contents of such paper was made to the jury. The contention of the appellant is that such cross examination placed his character in issue. Assuming but not deciding that by exhibiting such indictment and plea to the appellant would have the effect of putting his character in issue yet in this case, where the appellant had previously testified that at the time he was arrested he was hiding under a bed because he was on probation and knew that they had a probation warrant out for him, the question of his character had already been placed in evidence.

2. The contention is made that the court erred in instructing the jury upon conspiracy because such charge was not authorized by the evidence. In order to authorize a charge on conspiracy there must be evidence adduced to warrant such charge. See *Caldwell v. State,* 227 Ga. 703 (182 SE2d 789). The evidence adduced in this case authorized such charge and this enumeration of error is without merit.

3. The co-indictee, who had pleaded guilty to the offense here charged, was called as a rebuttal witness by the state. In response to questions by the district attorney, this witness denied that the appellant was connected with the robbery and attempted to exonerate the appellant. After pleading entrapment the district attorney was permitted to cross examine such witness and later introduced in evidence a written statement in which the witness implicated the appellant. The written

statement was introduced solely for the purpose of impeachment and the jury was properly instructed that such statement could be considered only for the purpose of impeachment.

Under decisions exemplified by *Hutchins v. State,* 229 Ga. 804, 807 (194 SE2d 442) and citations, it was not error to permit the district attorney to question the co-indictee with reference to a prior statement made by him, nor was it error to permit a rebuttal witness to testify that such prior statement, which statement was to the effect that the appellant here was involved in the armed robbery, had been made by the co-indictee.

4. The evidence authorized the conviction and the trial court did not err in overruling the appellant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED NOVEMBER 13, 1974 — DECIDED NOVEMBER 18, 1974.

*Greer, Sartain & Carey, Joe B. Sartain, Jr., Stanley F. Birch, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.