### 29617. BELL v. THE STATE.

HILL, Justice.

In this appeal from a conviction by a jury of armed robbery and sentence of twelve years, the sole enumeration of error is the denial of the motion for new trial on the general grounds that the verdict was contrary to the evidence and to law.

Upon the trial the state presented evidence that at approximately 8:30 p.m. on February 14, 1973, the appellant Larry Edward Bell and two companions entered the Fountain Liquor Store in Glynn County, Georgia. Two female employees of the store testified that they were told to lie on the floor by the appellant and one companion, who both held pistols on them, while the third man took $388.14 from the cash register. The appellant was carrying a short barreled or snub-nosed pistol. As the three men left, a shot was fired at a customer who was just pulling in the drive and the employees immediately called the police. Both women identified the appellant in a lineup at the police station and in court.

Charles Douglas Atkinson testified that on the evening of February 14, 1973, at about 8 or 8:30 p. m., he, Lorenzy Armstrong and the appellant drove in appellant's car to the Fountain Liquor Store and went inside; that Armstrong and appellant both drew pistols which they pointed at two ladies and a little girl in the store; that he ran home; and that Armstrong and appellant later came to his house to divide up the money, giving him $80.

A Glynn County police detective stated that on March 10, 1973, he went to appellant's residence where he observed in appellant's bedroom a .32 caliber, nickel-plated pistol. He turned this pistol over to another detective, who identified it at the trial as "what they call, commonly called a snub-nosed revolver." The pistol was introduced as state's Exhibit 1.

The defense presented three witnesses, relatives of appellant, who testified that on the evening of February 14, 1973, between approximately 8 and 8:45 p.m., appellant was at home. Appellant's co-indictee Lorenzy Armstrong took the stand and swore that appellant did not participate in the robbery and that an earlier statement signed by him implicating appellant was written by police officers and signed while he was under the influence of alcohol. The appellant made an unsworn statement in which he told the jury that he worked all day on February 14, 1973, at his regular job at the St. Simons Airport; that he came home and stayed until approximately a quarter to nine when he went to

Atkinson's house to pick him up to go to the movies; that Atkinson and Armstrong were in the house; and that they all went to the Ritz Theatre to see "Super Fly." He also stated that he bought the pistol for his own protection but that it did not work and he had tried to return it.

On rebuttal the state called another Glynn County police officer who testified that he saw the appellant at approximately 9:00 p.m. on the night of the robbery sitting in a late model white Dodge with the motor idling about six blocks from the Fountain; appellant identified himself, showed the officer his driver's license and told him that he was waiting for his girlfriend and that they were "fixing to go to the show."

Code Ann. § 26-1902 provides as follows: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. The offense robbery by intimidation shall be a lesser included offense in the offense of armed robbery. A person convicted of armed robbery shall be punished by death or imprisonment for life, or by imprisonment for not less than one nor more than 20 years." The jury found appellant guilty and thereafter set the sentence at twelve years.

Viewing the evidence presented in the light most favorable to the verdict rendered, we conclude that it was ample to support the jury's finding of guilt and that the trial court did not err in overruling the appellant's motion for new trial. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859); *Lanham v. State,* 233 Ga. 249 (210 SE2d 770).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 27, 1975 — DECIDED APRIL 8, 1975.

*Wraggs & Wraggs, W. A. Wraggs,* for appellant.
*Glynn Thomas, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.