31043. DARDEN v. THE STATE.

NICHOLS, Chief Justice.

In August, 1972 the defendant was convicted of armed robbery. His punishment was fixed at 20 years and he stated in open court that he knew of his right to appeal, did not want an attorney, and that he was going to handle his appeal himself. Within 30 days of his conviction he filed notice of appeal in the Fulton County Superior Court. The appeal was not processed and the transcript was not filed in the trial court until September, 1975. On the same date that the appellant filed his notice of appeal

in 1972, he also filed a motion for appointment of counsel. Counsel was not appointed and the appeal was not pursued. In November, 1975, the matter came to the attention of the trial judge. An order was then entered granting 30 days for the filing of a notice of appeal and also ordering the Fulton County Public Defender to assist the defendant in his appeal. Within 30 days from such order counsel for the appellant filed a motion for new trial on the usual general grounds, which motion was overruled and the present appeal filed. The record contains ten enumerations of error.

1. The first enumeration of error complains of the failure to grant a mistrial when it was disclosed during the trial that the defendant was placed in a lineup without the benefit of counsel. The lineup was conducted the day following the commission of the crime and the defendant's arrest and some ten days prior to indictment. Under decisions exemplified by Kirby v. Illinois, 406 U. S. 682 (92 SE 1877, 32 LE2d 411) (1972) and *Jones v. State,* 232 Ga. 771 (208 SE2d 825) (1974), the defendant was deprived of no constitutional right by being placed in such lineup.

2. While testifying in his own behalf, the defendant admitted being in the office where the armed robbery occurred but contended that he had gone there for medical treatment (the office where the armed robbery took place was a physician's office) and explained his attempt to leave the scene after the armed robbery took place, by stating that he was on probation, didn't want any trouble and walked down the steps. While being cross examined the defendant volunteered that he had been in Georgia State Prison and was then asked about his prior record and probation.

Under decisions exemplified by *Lanham v. State,* 233 Ga. 249, 250 (210 SE2d 770) (1974), it was not error to overrule the motion for mistrial made by defendant's trial attorney on the ground that the state had put the defendant's character in issue.

3. The mere asking, under the circumstances set out above, questions with reference to the defendant's criminal record could not be deemed "badgering" the defendant as contended in the fourth enumeration of

error, nor could it be deemed ineffective assistance of counsel—because a trial tactic was adopted which attempted to explain the defendant's flight from the scene of the crime although it showed that the defendant was on probation—as contended in the second enumeration of error.

4. The instructions by the trial court that the defendant enters into "these" cases with the presumption of innocence in his favor and this presumption remains with him until and unless the state shall overcome it and remove it by the introduction of testimony, etc. did not imply to the jury that the defendant was on trial for multiple felonies where he in fact was indicted and was being tried for one felony and two misdemeanors. The sixth enumeration of error is without merit.

5. Where, as in this case, the defendant was jointly indicted with another defendant and the other defendant testified that he had pleaded guilty to the offense and there was testimony on the trial of this defendant's case that both defendants were involved in the armed robbery, a charge defining conspiracy was not error. The seventh enumeration of error is without merit.

6. The sentence imposed upon the defendant by the jury in this case, within the limits described by law, was not excessive especially in view of the defendant's prior record consisting of burglary and robbery convictions.

7. The evidence authorized the defendant's conviction and the failure to grant a continuance of the hearing on the motion for new trial shows no harmful error. While the failure of the trial court to appoint counsel upon the defendant's original request, filed within 30 days after the conviction, would have been grounds for an out-of-time appeal, it does not entitle the defendant to a new trial. Compare *Holloway v. Hopper,* 233 Ga. 615 (212 SE2d 795) (1975).

*Judgment affirmed. All the Justices concur.*

Argued May 11, 1976 — Decided May 18, 1976.

*Grace W. Thomas,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks,*

*Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.