## 53538. PADGETT et al. v. THE STATE.

SHULMAN, Judge.

Appellants were convicted of prostitution and pimping in a joint trial. Certain offenses took place on different dates. The trial court denied motions for severance and also denied motions on the same ground at the trial. Motions for new trial were filed based on alleged error by the trial court and abuse of its discretion in refusing severance and contending that it was prejudicial to appellants to be tried at the same time as other related crimes and defendants. Appellants appeal the denial of such motions.

The Supreme Court in *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) held: "The relevant American Bar Association Minimum Standards relating to joinder and severance provide that the court should grant a severance before or during the trial whenever it appears 'necessary to achieve a fair determination of the guilt or innocence of a defendant.' ABA Standards, § 2.3(b). It is thus evident that the trial judge must exercise his discretion in contemplation of the facts of each particular case. Tillman v. United States, 406 F2d 930 (5th Cir. 1969). But the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. Tillman v. United States, supra. He must make a clear showing of prejudice and a consequent denial of due process. Smith v. United States, 385 F2d 34 (5th Cir. 1967); Milam v. United States, 322 F2d 104 (5th Cir. 1963), cert. den., 377 U. S. 911 (1964).

"Some of the considerations for the court in exercising its discretion have emerged from the cases considering motions to sever: 1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? See, People v. Maestas, 517 P2d 461 (Colo. 1973)." See also *Stovall v. State,* 236 Ga. 840 (225 SE2d 292).

In the case of *Dingler v. State,* 233 Ga. 462 (211 SE2d 752), provisions of the ABA Standards on joinder of offenses were set forth and were held to be a definitive statement of the Georgia law and were adopted by our Supreme Court. The court in the *Dingler* case, p. 463, also stated: "The Criminal Code of Georgia has one provision on this subject: 'If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except . . . the court in the interest of justice may order that one or more of such charges be tried separately.' Code Ann. § 26-506 (b) and (c). Necessarily, then, severance in this particular kind of circumstances lies within the sound discretion of the trial judge since the facts in each case are likely to be unique." See also *Orkin v. State,* 236 Ga. 176, 193 (223 SE2d 61).

This court should not substitute its discretion for that of the trial court where no abuse of that discretion is shown. We see none in this case.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted March 7, 1977 — Decided April 5, 1977 — Rehearing denied April 29, 1977 — ▮

*John R. Calhoun, George M. Hubbard,* for appellants.

*Andrew J. Ryan, III, District Attorney, Robert M.*

*Hitch, III, Assistant District Attorney,* for appellee.