## 32072. SHEPHERD v. THE STATE.

HILL, Justice.

The defendant was tried and convicted for murder and two counts of aggravated assault. He was sentenced to life imprisonment for the murder conviction and two 10-year terms for the aggravated assault convictions to run consecutively. On appeal he raises three enumerations of error.

The defendant's convictions arose out of a brawl that occurred just after midnight on May 3, 1975, at a Columbus night spot. In addition to the murder victim, two others were shot in the fight. The two surviving victims testified at trial as did six other eyewitnesses. None of these eight witnesses testified to any aggression on the part of the victims toward the defendant. In

addition, they all testified that the only weapon they saw was in the hand of the defendant. The defendant took the stand and claimed self-defense except that he denied shooting one of the assault victims.

1. The district attorney during his opening statement to the jury stated that the defendant had offered no account of the events surrounding the shootings when he turned himself in to the police several days later. The defendant objected, arguing that this was grounds for a mistrial. The trial judge denied the defendant's motion but instructed the jury to disregard the statements made by the district attorney.

The defendant argues that the district attorney's comment upon his failure to make a statement at the time of his arrest was highly prejudicial because the jury might equate silence with guilt. In Doyle v. Ohio, — U. S. — (96 SC 2240, 49 LE2d 91) (1976), the court held that the prosecutor's cross examination of the defendant for impeachment purposes as to defendant's silence at the time of his arrest after receiving Miranda warnings violated due process.

Assuming, but without deciding, that Doyle v. Ohio would also prohibit the prosecutor from commenting to the jury upon the defendant's failure to give his explanation to police at time of arrest, in view of the numerous eyewitnesses who testified as to the defendant's guilt and in view of the trial judge's instructions to the jury, we find that the prosecutor's comment undoubtedly was harmless error beyond any reasonable doubt. Schneble v. Florida, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972).

2. The defendant testified that he shot two of the men in self-defense and that he did not shoot the man who was running away from the affray when shot. The district attorney cross examined the defendant as to why he fled the scene. He asked, if you shot in self-defense, what were you afraid of. The defendant volunteered, "I'm not in the habit of going around shooting people." The district attorney then asked if these were the first men the defendant ever shot and the defendant replied affirmatively. The district attorney then asked, "Do you recall July 4, 1975?" (These shootings took place on May

3, 1975). The defendant amended his earlier answer saying ". . . the first I shot that night." Defense counsel moved for a mistrial arguing that the defendant's character had been put into evidence by the district attorney. The trial judge overruled the motion.

If this exchange put the defendant's character into evidence, then the defendant placed his own character into evidence by volunteering that he wasn't in the habit of going around shooting people. In *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853) (1976), the defendant said he never robbed anybody and never stole anything. This court held: "Once a defendant 'opens the door' for character evidence, specific events may be used in testing the extent and foundation of the defendant's knowledge and the correctness of his testimony on direct examination." See also *Darden v. State,* 236 Ga. 897 (2) (225 SE2d 904) (1976).

3. One of the victims who was shot died three days later. The pathologist who conducted the autopsy was asked by the district attorney if he found any indication that medical negligence or medical malpractice was a factor contributing to the death. Defense counsel objected to this question on the ground that this was a question for the jury to determine. The judge overruled the objection stating that the jury could not determine that question without some expert testimony on the subject. Although the question would not have been appropriate for a plaintiff in a malpractice case, it was not reversible error here. The pathologist had already testified that in his opinion the precipitating cause of death was a gunshot wound.

*Judgment affirmed. All the Justices concur.*

Submitted March 4, 1977 — Decided
May 13, 1977.

Jimmy F. Shepherd, *pro se.*

*Elkins & Flournoy, Paul R. Gemmette, James A. Elkins, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas L. Pullen, Assistant District Attorney, Arthur K. Bolton,*

*Attorney General,* for appellee.