## 32443. O'NEAL v. THE STATE.

HILL, Justice.

The defendant was convicted by a jury of armed robbery and was sentenced by the Fulton Superior Court to serve 20 years in prison. He appeals, urging two enumerations of error.

The evidence shows that at about 4 a.m. on Monday morning, October 22, 1976, two men approached the cashier of a self-service gas station across the street from the Varsity (a drive-in restaurant) in Atlanta. The taller man was carrying a rifle. The shorter man asked for a soft drink. As the cashier turned back toward the men from the drink cooler, the taller man pointed the rifle through the window and demanded money. The cashier handed her employer's currency to him and was handing him change when two policemen, their suspicions aroused by the rifle, drove onto the premises. The shorter man fled. The taller man was arrested. One policeman radioed for help, reporting that the shorter man, wearing a yellow shirt, was last seen running south onto the nearby expressway. The other policeman gave chase on foot. The first policeman asked the arrested man if his "partner" had a gun and learned that the fleeing man was unarmed. A police car, alerted by the radio report, passed the scene and turned south onto the expressway. The defendant was arrested as he was running south on the expressway median. He was returned to the gas station where the cashier identified him.

At trial the defendant denied participating in the robbery but admitted knowing the gunman. He testified that he went to the Varsity but it was closed so he went across the street for a soft drink. Two female witnesses testified that the defendant was with them up until 2 a.m. or later when he left to go to the Varsity. They testified that the gunman had not been with them that evening.

1. The defendant contends that the jury verdict is not supported by the evidence. He urges that mere presence at the scene of a crime is not sufficient to show participation in the crime and hence mere presence is not sufficient to show a conspiracy with the active participant. *Sweat v. State,* 119 Ga. App. 646 (168 SE2d

654) (1969). We do not disagree with this assertion. However, there was evidence here to support the jury's finding of participation.

First, there was the undisputed evidence that the defendant was present at the scene of the crime at 4 a.m. in the morning. The gunman was known by the defendant. In addition, there was evidence from which the jury could find that the two men arrived together and that the defendant distracted the victim so as to allow his companion to "get the drop" on the victim. The defendant fled, not when he saw the rifle but when he saw the police. Although the foregoing would be sufficient, we note, without determining its probative value, that when the gunman was arrested and asked if his fleeing "partner" had a gun, the gunman did not deny the asserted partnership, did not say he did not know, but said that the defendant was not armed. The evidence was sufficient to support the verdict. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976); *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976).

2. The defendant contends that evidence as to his character was improperly admitted. He testified that although he knew the gunman, he had not seen him recently until they coincidentally appeared at the cashier's window at the same moment on that Monday morning. He sought to explain his flight by telling the jury that he was an escapee from a half-way house and feared being recognized by the police. Cross examination by the state brought out the defendant's prior criminal record.

Usually the defendant in a criminal case "opens the door" to character evidence by claiming to have good character. In such cases, his prior criminal record is then admissible for impeachment purposes. *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853) (1976); *Shepherd v. State,* 239 Ga. 28 (235 SE2d 533) (1977). Here the defendant did not assert good character but admitted facts showing lack of good character. Where the defendant seeks to explain flight or concealment by referring to his criminal record, he will not be heard to contend that undue prejudice results when the state examines him concerning that record. *Lanham v. State,* 233 Ga. 249 (1) (210 SE2d 770)

(1974); *Darden v. State,* 236 Ga. 897 (2) (225 SE2d 904) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1977 — DECIDED SEPTEMBER 7, 1977.

*Robert C. Ray, Dennis S. Mackin,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.