## 54997. STEPHENS v. THE STATE.

SHULMAN, Judge.

Appellant was indicted for and convicted of two counts of robbery. This appeal follows.

1. Appellant contends that the trial court erred in denying his motion to sever.

The evidence showed that the two robberies took place eleven days apart and involved bailees of the same business establishment as the victim, occurred while these bailees were transporting money for the bailor, and

evidenced a common scheme or plan. "[S]everance in this particular kind of circumstances lies within the sound discretion of the trial judge since the facts in each case are likely to be unique. [Cit.]

"This court should not substitute its discretion for that of the trial court where no abuse of that discretion is shown. We see none in this case." *Padgett v. State,* 142 Ga. App. 139, 140 (235 SE2d 545), affd. 239 Ga. 556.

2. In a series of enumerations, appellant asserts that the court erred in allowing testimony regarding appellant's prior convictions, in permitting the introduction of records of those prior convictions into evidence, in failing to caution the jury at the time of introduction that the records were admitted for impeachment purposes only, and in failing to charge to that effect. Unfortunately for appellant, the failure to object at trial precludes our consideration of the issues. *King v. State,* 109 Ga. App. 36 (134 SE2d 826) (testimony placing character in issue); *Farmer v. State,* 107 Ga. App. 215 (129 SE2d 404) (testimony placing character in issue); *Allen v. State,* 233 Ga. 200 (210 SE2d 680) (as to admitting evidence).

A. We note that admission of the evidence complained of was not error in any event. The transcript shows that defendant answered a question regarding the events preceding his arrest by stating, "I never robbed a man a day in my life. Forty-eight years old and ain't robbed a man in my life and ain't robbed nobody down here today." This response was volunteered. This is not a case where the district attorney directly elicited this testimony by asking a question to which defendant's answer was fully responsive. Under these circumstances, this court would not reverse the conviction. *Jackson v. State,* 231 Ga. 664 (2) (203 SE2d 535). See generally *Brown v. State,* 237 Ga. 467 (2) (228 SE2d 853) (defendant's statement that "I have never robbed anybody" placed character in issue and justified cross examination).

B. "We find no error in the trial court's failure to give, without request, a specific instruction qualifying the admission . . . [of the statements and records of prior convictions] and limiting it for impeachment purposes."

*Ellenburg v. State,* 239 Ga. 309 (4) (236 SE2d 650).

3. Remaining enumerations of error were either not argued or were raised for the first time via supplemental brief. Accordingly, the enumerations present nothing for consideration. *Terrell v. State,* 138 Ga. App. 74 (5) (225 SE2d 470); *Johnson v. Heifler,* 141 Ga. App. 460 (b) (233 SE2d 853).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 9, 1978.

*Smathers, Derrickson, Bowen & West, Thomas M. West,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, R. Andrew Weathers, Assistant District Attorneys,* for appellee.