## 56440. WALLS v. THE STATE.

SHULMAN, Judge.

This appeal is from appellant's conviction for aggravated assault. The evidence shows the assault to have occurred during the execution of a conspiracy to rob the victim.

1. Appellant's first enumeration complains that, on two occasions during the trial, the state impermissibly placed his character into issue. We find no merit in that contention.

A. A statement by a co-defendant was placed into evidence. In the body of that statement was an assertion that at the time of the crime, appellant was "on the run for burglary." When the statement was tendered into evidence, appellant's counsel, in response to a question from the bench, stated that there was no objection to the admission of the statement. That failure to object precludes our consideration of the issue. *Stephens v. State,* 144 Ga. App. 779 (2) (242 SE2d 371).

B. While appellant was being examined on cross examination, he attempted to show that it would have been unreasonable for him to attempt to rob the victim because the victim would have given him money if he asked for it. During the course of his explanation, appellant said, "So, why would I rob a man if he would let stay at his house for nothing? And, he knew I was on the run. He's going to keep a fugitive in his house if he's scared of me? That don't make no sense." Having admitted facts showing a lack of good character, appellant cannot contend that cross examination on that subject resulted in undue prejudice. *O'Neal v. State,* 239 Ga. 532 (2) (238 SE2d 73); *Stephens v. State,* supra, Division 2A.

2. Appellant's requested charge on withdrawal from the conspiracy and repentance was refused by the trial court on the ground that there was no evidence to authorize such a charge. We agree with the trial court.

In his own testimony, appellant denied the existence of a conspiracy and denied all memory of the events surrounding the shooting of the victim. His testimony, therefore, was no evidence of withdrawal or repentance.

The testimony of other witnesses on which appellant

depends to establish the propriety of the requested charge was that, after taking the victim to a back road for the purpose of robbing him, appellant handed the gun to a co-conspirator (who was not a defendant in the trial below) and asked him if had the nerve to shoot the victim. The co-conspirator met the challenge and shot the victim. That evidence does not show that appellant withdrew from the conspiracy. See *Sak v. State,* 129 Ga. App. 301 (199 SE2d 628).

"Our appellate courts uniformly hold that the judge should not charge relative to an issue concerning which there is no evidence. [Cits.]" *Burgess v. State,* 117 Ga. App. 284, 286 (3) (160 SE2d 411). There was no error in refusing appellant's requested charge.

3. In his charge on conspiracy, the trial judge stated that appellant's co-defendant denied being part of any conspiracy. Appellant contends that the failure of the trial court to instruct the jury that appellant also denied being part of any conspiracy constituted reversible error. We disagree.

When considered as a whole, the charge of the court was full, complete and fair. The trial court charged on the presumption of innocence, reasonable doubt and the necessity of proving specific intent. At the beginning of the charge, the trial judge told the jury that both defendants, by their pleas of not guilty, denied all the allegations of the indictment.

" 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall.' [Cit.]" *Johnson v. State,* 140 Ga. App. 246 (1) (230 SE2d 499).

We find no error in the instructions given the jury in this case.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 14, 1978.

*Richard E. Reiter, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.