## 57216. SMITH v. THE STATE.

McMURRAY, Judge.

Defendant was indicted in three counts for the offense of burglary in entering three separate dwelling houses with the intent to commit a theft therein. During the trial Count 3 was withdrawn by the state. Defendant was convicted on Counts 1 and 2 and given a sentence of six years on each count to run concurrently. Motion for new trial was filed and denied, and defendant appeals. *Held:*

The sole complaint is based on the general grounds of the motion for new trial as to the weight and sufficiency of the evidence to convict, contending that the evidence is simply not sufficient to legally convict him of the crime of burglary. Defendant admits that he and another drove a brown General Motors car and entered the residence of another. Defendant contends that he thought the other person had authority to be in the building. However, two men were seen attempting to gain entrance at a dwelling by a neighbor who immediately reported it to the police. The front door at this address was attacked with a tire iron which was found at the scene, although entry was obtained through a window and the door then opened (as admitted by the defendant to the arresting officer). As the officers approached, the defendant was observed coming out the back door and was arrested. Another person was heard in the building but escaped out a side window. After his arrest defendant admitted his intent to commit the theft in going inside the building. The other two dwellings close by were found to have been burglarized. Certain goods from another dwelling were found in the trunk of the automobile belonging to the other person who defendant contends drove him to the vicinity of the burglarized dwellings. These goods were seized, and the owner of some of them testified as to his ownership of same.

Ordinarily, to warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. However, the conviction here

is not based on circumstantial evidence alone as to either Count 1 or Count 2. The defendant also admitted the intent to commit the burglary as to Count 1. See *Eberhart v. State,* 47 Ga. 598, 599 (8); *Adsmond v. State,* 47 Ga. App. 444 (4) (170 SE 525). The evidence was sufficient to support the verdict. See *Toole v. State,* 146 Ga. App. 305 (1) (246 SE2d 338); *Cochran v. State,* 146 Ga. App. 414 (1) (246 SE2d 431); *Bell v. State,* 234 Ga. 119 (214 SE2d 653).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Argued February 12, 1979 — Decided March 16, 1979.

R. *Allen Hunt,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Isaac Jenrette, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.