## 61808. BELL v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried for the offense of robbery by intimidation. From the judgment entered on a jury verdict finding appellant guilty, he appeals to this court.

1. The general grounds are raised in related enumerations of error. The evidence adduced at trial shows that at approximately 6:30 a.m. on March 30, 1980, a Majik Market located on Highway 49 in Jones County, Georgia, was robbed. The night operator testified that he was alone in the store when a man entered and stated that he desired to purchase some beer. When informed that the sale of beer on Sunday was prohibited, the man sought to buy a pack of cigarettes on credit. Upon being told that no credit could be extended, the man left. Within minutes the man reappeared but this time with his hand in a pocket threatening to shoot the store employee if he did not comply with his demands. After obtaining about $40 from the cash register the robber left and fled the scene in a vehicle.

On April 8, 1980 a customer entered the Majik Market and told the night operator that it "looks like something's wrong with" a man using the pay telephone in front of the store. The night operator went outside and as he approached the booth immediately recognized the man using the phone as the same one who had robbed the store on March 30, 1980. The police were called and appellant was arrested.

The night operator made a positive in-court identification of appellant as the perpetrator of the crime in question. Although two witnesses testified that appellant was with them at the time this crime was committed, the determination of the credibility of their testimony was entirely within the province of the jury. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974). In this instance the jury, obviously, chose to believe the state's witness.

Having reviewed the evidence in the light most favorable to the jury's determination, we find that the evidence for the state provided a basis on which a rational trior of fact could reasonably have rejected appellant's alibi defense and found him guilty of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Malone v. State,* 156 Ga. App. 39 (274 SE2d 93) (1980); *Brown v. State,* 154 Ga. App. 358 (2) (268 SE2d 731) (1980).

2. Appellant contends that the trial court erred in denying his motion for directed verdict of acquittal premised on an alleged fatal variance between the allegata and the probata. The indictment charged appellant with taking "the property of Munford, Inc., d/b/a Majik Market, Highway 49, Macon, Ga." The evidence showed that the money was taken from the cash register of the Majik Market located on Highway 49, Macon, Georgia. The contention that a fatal variance existed because there "never was any evidence presented as to the correct name as alleged in the indictment" must be resolved adversely to appellant by application of the holding of this court in *Carton v. State,* 146 Ga. App. 137 (2) (245 SE2d 487) (1978). See also *Cline v. State,* 153 Ga. App. 576 (2) (266 SE2d 266) (1980); *Stevens v. State,* 158 Ga. App. 656 (1981). Accordingly, this enumeration is without merit.

3. Appellant also asserts that the trial court erred in failing to grant his motion for mistrial following an unresponsive interjection of extraneous and allegedly prejudicial testimony by a state's witness. The state presented a fellow inmate of appellant who testified that appellant admitted the robbery in question. During direct examination of this witness the state asked: "Did [appellant] tell you where they went after they pulled the job?" The witness responded: "Yes, sir. He said he went down to Donny Mosley's house and bought some dope." At this time counsel for appellant made a motion for mistrial out of the presence of the jury on the basis that the reference to "dope" impermissibly placed appellant's character in evidence. The state argued that the testimony was admissible to show that appellant's motive in committing the robbery was to obtain money for drugs. The court overruled the motion without restricting the purpose for which the evidence was allowed and without taking any corrective measures of any kind.

" 'Where a witness for the State in a criminal case voluntarily injects into the trial improper and prejudicial matter, on motion for a mistrial based thereon, whether mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing testimony from the consideration of the jury under proper instructions, is a matter ordinarily in the discretion of the trial

court.' [Cit.]" *Willingham v. State,* 118 Ga. App. 321, 324 (163 SE2d 317) (1968). See also *Perry v. State,* 154 Ga. App. 559 (2) (269 SE2d 63) (1980). Under the facts of this case it was the *duty* of the trial court to exercise its discretion by either granting the motion for mistrial or by taking proper corrective measures to disabuse the minds of the jurors of the prejudicial testimony. *Willingham v. State,* 118 Ga. App. 321 (2), supra; *Bowen v. State,* 123 Ga. App. 670 (1) (182 SE2d 134) (1971). "Even if we assume, as contended in the State's brief, that the response was admissible to show motive . . . the trial court should nevertheless have severely limited the scope of the evidence admitted for this purpose and specifically instructed the jury as to the limited purposes for which it was admitted. [Cit.]" *Willingham v. State,* 118 Ga. App. 321, 325, supra. See *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980).

Although the trial court took no action whatsoever in connection with this testimony, we believe that under the facts and circumstances of this particular case the error was not harmful. Prior to the testimony objected to, the same witness had testified without objection that appellant admitted the robbery and "bought some drugs" with the stolen money. Subsequent to the challenged testimony, appellant's counsel stated in a colloquy with the court, but in the presence of the jury, that appellant "stay[ed] tanked up a lot." On cross examination appellant was asked what his attorney meant by that statement. Appellant answered, "Because occasionally I do use drugs."

Because the very evidence objected to had previously been admitted without objection, the trial court's error in failing to exercise its discretion as set forth in the preceding paragraphs of this division was rendered harmless. *Williams v. State,* 117 Ga. App. 79 (1) (159 SE2d 454) (1968); *Coley v. State,* 135 Ga. App. 810 (1) (219 SE2d 35) (1975). Moreover, having admitted that he did use drugs, appellant cannot complain that other testimony to that effect resulted in undue prejudice. *Walls v. State,* 148 Ga. App. 112 (1) (251 SE2d 103) (1978).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Charles D. Newberry,* for appellant.

*Joseph H. Briley, District Attorney, Reginald Poss, Assistant District Attorney,* for appellee.