## 64693. HOLLOWAY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of burglary of a cafe and he appeals, contending his conviction should be set aside because it is based on the uncorroborated testimony of an accomplice in violation of Code § 38-121; and the trial court erred in allowing the prosecution to cross-examine the defendant over objection as to his prior criminal record when he was called as a witness in his own behalf. *Held:*

1. Defendant's contention that his conviction was based solely on the uncorroborated testimony of the accomplice is not well taken. His identity and participation were corroborated through independent evidence directly connecting him with the crime charged. Recent unexplained possession of stolen property is sufficient to corroborate the testimony of an accomplice. See *Shumake v. State,* 159 Ga. App. 141, 143 (1) (2) (282 SE2d 756); *Rosser v. State,* 156 Ga. App. 463 (274 SE2d 812). Compare *Dudley v. State,* 148 Ga. App. 560, 561-562 (251 SE2d 815). Defendant was shown to be in possession of the proceeds of the burglary within an hour of same and paid a debt of $20 to another using the stolen money. He also admitted to this person he had stolen the money from a place and made certain criminal admissions that he had spent all the money from the burglary. His own admissions, as well as the testimony of others all independently corroborated the evidence of the accomplice which completely connected the defendant to the crime.

The first enumeration of error is that the verdict is contrary to the evidence, without evidence to support it, decidedly and strongly against the weight of the evidence, and contrary to the law and principles of justice. Having reviewed the trial transcript and record, we are convinced and so hold, that a rational trier of fact (the jury in this case) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of burglary as charged. See *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d

263). There is no merit in this complaint.

2. The remaining enumeration of error is that the trial court erred in allowing the prosecution to cross-examine defendant over objection as to his prior criminal record. When the defendant submitted himself as a witness, counsel for the state was allowed a thorough and sifting cross-examination with reference to the testimony he had given. In answer to a question as to the investigating officers having asked him about his employment, he replied that the investigating officer made it pretty clear that he had looked through his record and made it clear that because of his record they were going to try to pin a burglary charge on him. Whereupon he was asked was that because of his record and his answer was "[r]ight." He was then asked, "Do you have a record?" to which he replied, "Yes, I have a — I do have a past record." Having volunteered that he had a record even though his good character was not in evidence state's counsel could cross-examine him about what he meant when he answered that the officers, because of his record were trying to pin the burglary on him. It is quite apparent that the defendant opened the door by attempting to testify that in his opinion the police did not have sufficient evidence to charge him with a crime and they were arresting him merely because he had a prior criminal record. If the testimony given with reference to his record placed his character in evidence the defendant did so himself by volunteering about same as to why he was charged with burglary in volunteering that the officer "made it pretty clear that he had done looked through my record and made it clear that because of my record they were going to try to pin that charge on me." Again, in reply to a question as to did he understand what the officer meant when he said that about your record he volunteered further information with reference to his record. Once the defendant opens the door for character evidence the defendant may be cross-examined with reference to same. See in this connection *Shepherd v. State,* 239 Ga. 28, 30 (2) (235 SE2d 533); *Darden v. State,* 236 Ga. 897, 898 (2) (225 SE2d 904); *Stephens v. State,* 144 Ga. App. 779, 780 (2) (242 SE2d 371); *Lanham v. State,* 233 Ga. 249, 250 (1) (210 SE2d 770); *Walls v. State,* 148 Ga. App. 112 (1) (251 SE2d 103); *O'Neal v. State,* 239 Ga. 532, 533 (2) (238 SE2d 73). Having admitted the facts showing a lack of good character by reason of a record, the defendant cannot contend that cross-examination on that subject resulted in undue prejudice. There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 2, 1982.

*B. Wayne Phillips,* for appellant.

*Thomas J. Charron, District Attorney, Mary E. Staley, Assistant District Attorney,* for appellee.