### 68079. MARTIN v. THE STATE.

McMurray, Chief Judge.

Defendant was indicted for the offense of armed robbery along with three others. He was tried separately. Following his conviction and sentence for the lesser included offense of robbery and the denial of his motion for new trial, he appeals. *Held*:

1. Defendant was convicted largely upon the testimony of his accomplices (his co-indictees) who connected him to the crime of armed robbery (in which they were involved) as the "fingerman." Two of them actually committed the robbery with weapons while the third was the driver of the getaway car. Defendant enumerates error in that the trial court allowed the prosecutor to expand on the defendant's prior conviction which was elicited by defense counsel. Counsel contends that the defendant had not placed his character in issue when it was pointed out by defense counsel that he had been indicted for another robbery but that he was being tried for a subsequent robbery. The testimony with reference to when the investigator learned that the defendant had already been convicted of an armed robbery was injected by the cross-examination by defense counsel and there was no objection whatsoever to the investigator's answers. Consequently, the defendant having failed to object to this testimony, it cannot be raised for the first time here albeit a special ground of the motion for new trial contended there was error on the part of the trial court in permitting improper impeachment of the defendant by the prosecuting attorney over timely objection. Once the defendant volunteers information as to his criminal record the State is permitted to cross-examine him as to the same record. See *Holloway v. State*, 164 Ga. App. 589, 590 (2) (298 SE2d 296); *Drake v. State*, 245 Ga. 798, 802 (3) (267 SE2d 237). But even if the questioning of the defendant concerning his previous conviction was somehow erroneous the previous testimony elicited by defense counsel concerning the conviction and the subsequent introduction into evidence by defense counsel of the conviction rendered any possible error harmless. See *Holloway v. State*, 164 Ga. App. 589, supra; *Drake v. State*, 245 Ga. 798, supra; *Terry v. State*, 165 Ga. App. 344 (2) (301 SE2d 291); *Beard v. State*, 153 Ga. App. 550, 551 (2) (265 SE2d 875). Furthermore, there was no objection at the trial that the defendant had not put his character in issue, therefore, the objection now is not subject to review. See *Anderson v. State*, 249 Ga. 132, 137 (11) (287 SE2d 195); *Clark v. State*, 249 Ga. 18 (287 SE2d 523).

2. The remaining enumeration of error is that the trial court erred in failing to charge on the law of alibi where the defendant's sole defense was supported by his sworn testimony and by the testimony of other witnesses. However, a charge on alibi is warranted only where there is evidence which reasonably excludes the possibility of defendant's presence at the scene of the crime at the time of its commission. See OCGA § 16-3-40. The State never contended the defendant was actually present at the time of the robbery but that he had set up the robbery and left the scene shortly before it took place. Consequently, alibi was not in issue in the case. See *Sims v. State*, 165 Ga. App. 881, 884 (6) (303 SE2d 60). Defendant's testimony with reference to establishing an alibi is at most vague and uncertain and it is ordinarily not error to fail to charge on alibi absent a written request. See *Brown v. State*, 251 Ga. 598, 601 (5), 602 (308 SE2d 182); *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10). Furthermore, there was no evidence submitted which precluded the defendant from meeting with a co-conspirator immediately before the robbery consequently there was no error to fail to charge on alibi where there was no written request to charge. See in this connection *Patrick v. State*, 245 Ga. 417, 422 (7) (265 SE2d 553); *Adams v. State*, 246 Ga. 119, 122 (2) (269 SE2d 11). There is no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 8, 1984.

*Kenneth D. Feldman*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Margaret V. Lines, Assistant District Attorneys*, for appellee.