## 74228. FEW v. THE STATE.
### (356 SE2d 729)

BANKE, Presiding Judge.

The appellant, Ricky Lamar Refae Few, appeals his convictions of burglary and aggravated battery. With respect to the latter offense, the indictment charged that the appellant had blinded the right eye and severely disfigured the face of the named victim, a person over 65 years of age, by throwing a metal pipe at his head. See generally OCGA § 16-5-24 (a) and (d).

The 70-year-old victim testified that while sleeping at home with his wife on the night in question he awoke to see the appellant, a neighbor whom he had known for 15 or 20 years, "standing in the door there where the light was shining." The victim stated that he turned to his wife and exclaimed, "Annie Ruth, Ricky's in this house," whereupon the appellant threw a "stick" at him, hitting him in the eye. He testified that he had not been able to see out of the eye since then and that there was no doubt in his mind that the appellant was the person whom he had witnessed do this to him.

The ophthalmologist who treated the victim for the eye injury testified that the globe of the right eye had been completely ruptured, that an attempt to repair the damage surgically had been unsuccessful, and that it was highly unlikely the victim would ever regain any vision in the eye.

A piece of metal pipe was recovered from the floor of the bedroom where the attack had occurred and was introduced into evidence by the state. Both the victim and his wife denied ever having seen this object prior to the attack, and the ophthalmologist testified that the victim's injury was consistent with his having been struck in the eye with such an object. The victim's wife further testified that she discovered after the attack that approximately $35 had been taken from an envelope which was among some papers in the house which had been ransacked.

The appellant presented an alibi defense, supported by the testimony of his stepson, his mother, and his brother. Based primarily on this defense, and on evidence to the effect that the victim's vision had been impaired by cataracts even prior to the attack, he contends that the evidence was insufficient to support the jury's verdict. He further contends that the trial court erred in admitting into evidence, over the objection that they were prejudicially inflammatory, two photographs depicting the condition of the victim's injured eye immediately following the attack. Finally, he contends that the trial court erred in failing to charge the jury *sua sponte* that the state was required to prove beyond a reasonable doubt that the metal pipe introduced into evidence was in fact the object used to inflict the eye injury. *Held:*

1. From the evidence presented, any rational trier of fact could reasonably have rejected the appellant's alibi defense and concluded beyond a reasonable doubt that he was guilty as charged. Accord *Bragg v. State*, 175 Ga. App. 640, 642 (1) (334 SE2d 184) (1985); *Bell v. State*, 159 Ga. App. 621 (1) (284 SE2d 639) (1981). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Assuming *arguendo* that the state was required to prove, as alleged in the indictment, that the metal pipe was the instrumentality used to inflict the eye injury, we hold that the evidence was sufficient on this point as well.

2. The two photographs depicting the condition of the victim's face and eye immediately following the attack were clearly relevant and material to establish the nature and extent of his eye injury and to prove that he had lost his vision in the eye as a direct result of the attack. Thus, they were admissible over the appellant's objection that they were designed to inflame and prejudice the jury. See *Meeker v. State*, 249 Ga. 780 (1) (294 SE2d 479) (1982); *McCorquodale v. State*, 233 Ga. 369, 375 (5) (211 SE2d 577) (1974). Moreover, while the photographs would have been relevant and admissible to prove the elements of the offense as charged in the indictment even in the absence of any dispute over the nature and extent of the eye injury (see *Meeker v. State*, supra), we note that defense counsel raised such a dispute and thereby imparted to the photographs even greater relevance by attempting to establish on cross-examination that the victim might have lost the use of his right eye not as a direct result of the attack but because of his failure to follow his doctor's instructions regarding post-operative care and treatment.

3. Assuming, without deciding, that the trial court would have been required to honor a request for a charge to the effect that the state was required to prove beyond a reasonable doubt that the metal pipe was the object used to put out the victim's eye, such a charge was clearly not required in the absence of such a request. See generally *Sosebee v. State*, 169 Ga. App. 370, 372 (6) (312 SE2d 853) (1983).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 17, 1987.

Robert L. Chandler, for appellant.
C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney, for appellee.