29603. NEW *v.* THE STATE.

DECIDED JUNE 5, 1942.

*James R. Venable, Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, Quincy O. Arnold,* contra.

GARDNER, J. The defendant was convicted of robbery on two counts. His motion for new trial was overruled and he excepted. The general grounds are abandoned.

■ The first special ground complains of the admission of evidence of an attempt to rob a person other than those mentioned in the indictment. The attempt was within a period of four months preceding the last alleged robbery for which the defendant was being tried. The gravamen of the objections to the testimony is to the effect that (a) the transaction was a distinct offense, and (b) defendant had not been convicted therefor.

The court overruled the objections and the witness was permitted to testify that the defendant made an attack on him late at night in the garage of the witness; that the witness and the defendant exchanged shots; that a bullet from one of the shots fired by the witness hit the defendant's left hand, and he gave evidence to sustain this conclusion. The witness further stated, as one of the reasons he could identify the defendant, that the defendant limped.· It is well settled that evidence of the commission of a similar crime, not too distant in time, may be admitted to prove identity, intent, motive, or the like. When such evidence is competent, we know of no law which requires that, before its admissibility, the defendant must have been convicted therefor. There is' no merit in this contention.

■ The other special ground is based on an excerpt from the record regarding what took place while the defendant was making his statement. During an attempt by the defendant to overcome the testimony of the witness as above related to the effect that the witness had shot the defendant in the left hand, the following col-

loquy took place: Defendant's attorney: "Do you want to show them your hands?" Defendant: "Yes. There are no scars on me anywhere." A juror: "Let's see that left hand." The defendant: "I got that cut off when I got my leg cut off on the railroad." A juror: "What is wrong with that?" The court: "Don't ask him any questions." Error is assigned on the court's remark, it being contended that it was "per se prejudicial and was calculated to impress the jury that the court deemed it useless to ask the movant questions and that the movant was not telling the truth and the court should have instructed the juror that 'the law does not permit your asking the defendant questions.'" When the defendant took the stand to make his statement the court instructed him: "Mr. New, . . under the law you are not to be sworn and you are not to be questioned or cross-examined." We think it safe to conclude that the defendant was not subjected to the harm registered in this ground. We can not comprehend how the jury could have construed the remarks of the court otherwise than that he was not to be questioned or cross-examined during the making of his statement, as the court had instructed the defendant in the beginning in the presence of the jury. There is no merit in this ground.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*