## 52372. BROWN v. THE STATE.

WEBB, Judge.

Izell Brown appeals from his conviction of aggravated assault and D. U. I., and the denial of his amended motion for new trial.

1. Brown enumerates as error the trial court's refusal to strike the testimony of the victim Ellis Jackson. He contends that *all* of Jackson's testimony should have been stricken when he refused to answer questions on cross examination regarding his past relationship with Brown's wife. "The true rule is that when a witness declines to answer on cross examination certain pertinent questions relevant to a matter testified about by the witness on direct examination, all of the witness' testimony on the *same subject matter* should be stricken. [Cits.]" *Smith v. State,* 225 Ga. 328, 331 (168 SE2d 587). The trial court correctly overruled the motion since there was no direct testimony on the same subject matter. See *Emmett v. State,* 232 Ga. 110 (1 a) (205 SE2d 231).

2. Brown's contention that the court erred in failing to charge the jury on the law of driving under the influence of intoxicants as set forth in Code Ann. §§ 68A-902 and 68A-902.1 is without merit. The charge as given on this subject was sufficient, no request for additional instructions in the language of the Code sections was made, and the evidence clearly supported the verdict of guilty of driving under the influence of alcohol.

3. Brown asserts that the trial court's failure to charge on self defense without request was reversible error. We do not agree. The only evidence tending to raise this defense was Brown's sworn testimony that when he approached Jackson's truck he saw a shotgun lying on the seat; that Jackson "reached down" for the gun; and that "If he'd ever got out with the gun I figured he would have killed me." Then Brown fired five or six shots into the truck, wounding Jackson in the arm and leg. Jackson's shotgun was not loaded and after he heard the first shot he tried to run away.

"To establish his plea of self defense, the defendant must show that the circumstances were such as to excite the fears of a reasonable man that his life was in danger; a mere unreasonable apprehension or suspicion of harm being insufficient." *Weldon v. State,* 84 Ga. App. 634 (3) (66 SE2d 920). Clearly a charge on self-defense would not have been adjusted to this evidence.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED JULY 14, 1976 — DECIDED SEPTEMBER 7, 1976.

*M. Dale English,* for appellant.
*Vickers Neugent, District Attorney, Jack W. Carter,* for appellee.