## 57699. CARTER v. THE STATE.

BANKE, Presiding Judge.

The appellant was convicted of aggravated assault. He appeals the denial of his motion for new trial, citing as error various rulings, charges, and failures to charge by the trial court. The sufficiency of the evidence is not at issue. The appellant shot the unarmed victim during an argument. *Held:*

1. In the first enumeration, error is alleged in the court's refusal to require the state to produce police reports and summaries after proper notice to produce pursuant to Code Ann. § 38-801 (g). The trial court viewed the material in camera, and denied the motion. The same issue was involved in *Barker v. State,* 144 Ga. App. 339 (241 SE2d 11) (1977). Reports and summaries made by police investigators are not the types of "books, writings or other documents or tangible things" subject to a "notice to produce." *Natson v. State,* 242 Ga. 618 (250 SE2d 420) (1978). This enumeration of error is without merit.

2. The trial court was in error in refusing to allow the victim to answer the question put by the appellant's counsel, "Have you hired an attorney to sue Mr. Carter?" The question was proper and the answer relevant. See Code Ann. §§ 38-1705, 38-1712. This court has held a similar ruling to be reversible error where the evidence was "very conflicting." *Lloyd v. State,* 40 Ga. App. 230 (149 SE 174) (1929). However, there was little conflict in the evidence in this case. The defendant admitted shooting the victim, both to police and at trial. Although the defendant claimed at trial that he had acted in self-defense, there was no actual conflict as to what transpired; and we have ruled in Division 4, infra, that the evidence did not even require a charge on self-defense. Therefore, we hold the refusal to allow the question to be non-prejudicial on the facts of this case.

3. The appellant complains that the court erred in allowing the state to question one of its witnesses repeatedly regarding a statement made by the appellant immediately after the shooting, although the witness initially could not recall the statement. We find no abuse

of discretion.

4. The appellant contends that the trial court erred in failing to give his requested charge on self-defense. The court gave no instruction at all on this issue, although it did charge on justification in general. See Code Ann. § 26-901. We have carefully reviewed the evidence and have determined that it does not raise any issue as to self-defense or justification. The appellant and the victim got into an argument in the appellant's furniture store. The appellant ordered the victim to leave; and as she was in the process of complying with this order, insults were exchanged. The appellant testified that the victim called him a "lying bastard," that her companion had his hand in his pocket, and that he feared for his life. The only person armed was the appellant.

Under these circumstances a charge on justification by defense of self or property was not required. Accord, *Hale v. State,* 135 Ga. App. 625 (218 SE2d 643) (1975). This enumeration of error is without merit.

5. Other enumerations concerning the charge and the denial of the appellant's motion for a new trial have been carefully considered and found to be without merit. The charge, considered as a whole was full, complete, and fair. See *Walls v. State,* 148 Ga. App. 112 (251 SE2d 103) (1978).

*Judgment affirmed. Underwood and Carley, JJ., concur.*

ARGUED APRIL 10, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED MAY 29, 1979 — ▮▮▮▮▮▮▮

*Reinhardt, Whitley, Simpson & Rogers, Glenn Whitley,* for appellant.

*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.