59436. SMITH v. THE STATE.

SHULMAN, Judge.

Defendant was indicted for the offense of attempt to commit armed robbery. On appeal from his conviction of attempted robbery, we affirm.

1. Error is enumerated on the trial court's grant of the state's motion for a continuance, on the grounds of the absence of a witness. Since the state made a showing (in accordance with Code Ann. § 81-1410), inter alia, that the absent witness' testimony was material (the absent witness being the alleged victim of the robbery), that the witness had been subpoenaed, and that the state expected to have the witness present at the next term of court; and since all applications for continuance are within the discretion of the trial court and shall be granted or refused as the ends of justice require, we refuse to hold that the trial court abused its discretion in granting the continuance. See, e.g., *Shaw v. State,* 239 Ga. 690 (1) (238 SE2d 434); *Keller v. State,* 128 Ga. App. 129 (195 SE2d 767); *Paulk v. State,* 5 Ga. App. 567 (63 SE 659).

Moreover, even assuming, as appellant maintains, that the state did not make a proper showing for the grant of a continuance, since appellant has failed to show how such delay prejudiced him (e.g., appellant has not asserted that the delay denied him the right to a speedy trial), error, if any, in the court's grant of continuance was harmless. Compare *Cook v. State,* 22 Ga. App. 770 (2) (97 SE 264). See also *Watts v. State,* 141 Ga. App. 127 (1) (232 SE2d 590).

2. Appellant contends that the verdict was not supported by the evidence. Specifically, appellant claims that the essential elements of the crime of attempted robbery were not established at trial. We disagree.

A person commits robbery under Code Ann. § 26-1901 when "with intent to commit theft, he takes property of another from the person or the immediate presence of another (a) by use of force; or (b) by intimidation, by the use of threat or coercion, or by placing such

person in fear of immediate serious bodily injury to himself or to another . . ."

Appellant contends that he could not be found guilty of attempted armed robbery as a matter of law, since the victim testified that he was not afraid of the defendant.

Contrary to appellant's assertions, the victim did testify that he was afraid of being robbed by the defendant. However, even had the victim not testified concerning his fear, defendant could nonetheless be found guilty of criminal attempt to commit robbery, because defendant's attempt to commit theft by use of threat constitutes the crime of criminal attempt to commit robbery. (See Code Ann. § 26-1901 (b)). The fact that the defendant's alleged threats may have been unsuccessful (that the victim might not have responded in fright to the defendant's demands) would not belie the fact that an attempt to commit robbery was made.

We recognize that the evidence presented at trial was contradictory, but, in view of the victim's testimony that the defendant demanded money from the victim and indicated that he had a ".38," we must conclude that the jury was authorized to find defendant guilty of the offense of attempted robbery. See, e. g., *Ison v. State*, 142 Ga. App. 783 (237 SE2d 17).

3. We find no merit in appellant's contention that the trial court impermissibly permitted the state to place his character in issue, by the state's asking the defendant on the stand if he had been drinking on the night of the alleged attempted robbery.

Since the state posed that question in order to clarify defendant's previous testimony, and in response to defendant's unsolicited testimony that he was placed in the drunk tank after his arrest, error, if any, in the court's ruling was harmless. *Shepherd v. State*, 239 Ga. 28 (235 SE2d 533).

4. Appellant submits that the trial court erroneously permitted the state to lead its own witness. This contention is without merit.

Referring to certain notes in the witness' possession, the state pointed to a particular item in the notes to aid the witness in answering the state's question. (Appellant does not challenge the use of such notes at trial, nor the fact that they were apparently not admitted into evidence.)

Assuming that the state did lead the witness, since it is within the trial court's discretion to allow a party to lead his own witness, we find no error. *Haralson v. State*, 234 Ga. 406 (1) (216 SE2d 304).

No error being shown, the judgment of the trial court must be affirmed.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs*

*in Divisions 1, 2 and 4 and in the judgment.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED APRIL 29, 1980 — REHEARING DENIED MAY 7, 1980.

*W. Gene Richardson,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.