61922, 61923. JONES v. THE STATE (two cases).

CARLEY, Judge.
Appellant was tried on two separate indictments which were consolidated for trial. In Case Number 61922 appellant was convicted of rape, kidnapping and aggravated sodomy as charged in one indictment. In Case Number 61923 he was convicted of attempted rape as charged under the second indictment. Appellant appeals from the convictions under both indictments, filing the identical enumeration of errors in both cases. Accordingly, the two appeals are consolidated for review.

1. Apparently at the same time that appellant was indicted for the charges which are the subject of the instant appeals, he was also indicted on yet another charge of rape. He was brought to trial on this third indictment before being tried on the instant two. In the trial on this third indictment, the two victims of the crimes for which appellant was subsequently convicted in the instant cases testified concerning appellant's sexual attack upon them. Their testimony was apparently admitted in the earlier trial under the "similar crimes" exception to the "other transactions" rule. Appellant was acquitted of the rape charged in the third indictment.

At the outset of the instant trial on the remaining two indictments, appellant invoked a ruling by the trial court on the admissibility of evidence concerning his former acquittal of the charges in the third indictment. The trial court ruled that the

previous trial concerned a "separate transaction" and that the fact that appellant was acquitted of the charges therein would be irrelevant unless the state first sought to introduce into the instant trial evidence concerning the circumstances connected with that "separate transaction." See *Rivers v. State,* 147 Ga. App. 19 (1) (248 SE2d 31) (1978). Thus, the trial court ruled that if the state introduced evidence purporting to show that appellant had committed another separate act of rape, appellant would be entitled to show that he had been indicted, tried and acquitted of such an offense, for only then would his prior acquittal of the separate crime be "relevant" in the instant trial.

The instant trial proceeded under this ruling and the state did in fact introduce evidence concerning appellant's commission of the rape for which he had been acquitted in the former trial. This was accomplished when the state called as its witness the prosecutrix in the previous trial who then testified that appellant had raped her. The trial court instructed the jury of the limited purpose for which this testimony was being admitted and that appellant was on trial for and could be convicted of only the offenses set forth in the indictments in the instant case. See *Taylor v. State,* 174 Ga. 52, 68 (162 SE 504) (1931), overruled on other grounds, *Woods v. State,* 219 Ga. 509 (134 SE2d 8) (1963). And, in accordance with the trial court's previous ruling, appellant was afforded the opportunity to demonstrate to the jury that he had been acquitted of the charge of raping the witness.

Appellant urges that the trial court's original ruling, delimiting the circumstances in which evidence concerning his previous acquittal would be admissible in the instant trial, was erroneous. In several related enumerations appellant also asserts that subsequent rulings by the trial court concerning the admissibility or inadmissibility of such evidence constitute the erroneous effectuations of its original ruling on the issue. We find no error in the trial court's original or subsequent rulings on the admissibility of evidence concerning appellant's prior acquittal.

"The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code Ann § 38-202. "Proof of other crimes is never admissible (except in cases where the defendant has himself put his character in issue) where its chief or only probative value consists in showing that the defendant is, by reason of his bad character (demonstrated through a criminal career), more likely to have committed the crime than he otherwise would have been. To admit such evidence, it must have relevancy and

probative value from some other point of view." *Lee v. State,* 8 Ga. App. 413 (2) (69 SE 310) (1910). "[T]he fact of acquittal as to the other crimes does not exclude the right to prove them when the testimony is otherwise relevant." *Lee v. State,* 8 Ga. App. at 418, supra. Thus, the only way in which the former prosecutrix's testimony, as proffered in the instant case, concerning appellant's *previous acts* of sexual misconduct for which he had been tried and acquitted could in any way be relevant and therefore admissible in the instant trial was if those previous acts came within an exception to the "other transactions" rule of inadmissibility. *New v. State,* 67 Ga. App. 442 (1) (20 SE2d 617) (1942). Compare *Giles v. State,* 71 Ga. App. 736, 739 (c) (32 SE2d 111) (1944). The obvious corollary is that the exculpatory fact of appellant's *previous acquittal* on a separate charge of rape was irrelevant in the instant subsequent trial until the state successfully sought to introduce, as coming within the evidentiary exception, inculpatory evidence concerning appellant's commission of that "separate offense." This was the original ruling of the trial court and its subsequent rulings were made in the proper furtherance thereof.

We find meritless appellant's contention that his previous acquittal was "relevant"in the instant trial in ways other than that contemplated in the general rule concerning "separate transactions" discussed above and that he was denied the opportunity to present an effective defense because the general rule was adhered to. The essence of appellant's argument in this regard is that he was denied the opportunity to impeach the former prosecutrix and the two prosecutrixes in the instant cases by merely showing that they had testified to the same events at the prior trial in which he was acquitted. A witness may be impeached under Code Ann. § 38-1803 by a showing that he had made prior contradictory statements. We know of no rule of law which would allow the impeachment of a witness by the mere showing that a jury which has previously heard the same testimony in another context in another trial failed to return a verdict of guilty. " 'The acquittal merely exempts him (the defendant) from punishment and from another prosecution. It does not necessarily show that he was innocent [and that, therefore, the state's witnesses did not testify truthfully.]' " Taylor v. State, 174 Ga. 52, 68, supra. In appellant's previous trial, the two prosecutrixes in the instant case gave testimony concerning appellant's commission of "separate" acts of sexual criminality against them. In the instant trial the roles were reversed and the former prosecutrix testified concerning appellant's commission of a sexual crime "separate" from those he was charged with committing. Our review of the record demonstrates that appellant was afforded a full opportunity in the

instant case to conduct a thorough and sifting cross-examination of all of the state's witnesses, including the prosecutrixes in the instant and former cases, concerning the relevant evidence against him. No ruling by the trial court erroneously limited that right. *Birge v. State,* 143 Ga. App. 632, 634 (4) (239 SE2d 395) (1977). Nor was appellant precluded from impeaching any witness' testimony should it have been contrary to that given at an earlier time. Evidence concerning appellant's commission of "other" separate but similar acts and his acquittal of any criminal charges arising therefrom was properly raised in the instant trial. See *Perry v. State,* 158 Ga. App. 349, 352 (2) (280 SE2d 390) (1981). "The fact that the jury trying the case in which [the 'other' transactions] were under investigation decided that there was not enough proved in that case to show beyond a reasonable doubt that the defendant acted criminally in that transaction, according to the manner and form in which he was then indicted, does not rob the facts attendant on that transaction of their inherent probative value . . ." *Lee v. State,* 8 Ga. App. 413, 418, supra. Appellant's assertions to the contrary notwithstanding, the record before us demonstrates that he was afforded the opportunity to rely upon his acquittal on the former charges to the full extent that such fact was "relevant" in the instant case.

2. In several enumerations appellant urges that, in violation of Code Ann. § 81-1104, the trial court expressed or intimated its opinion as to what had or had not been proved in the trial. We have carefully studied the transcript and find no error in this regard. It is clear that all incidents to which appellant refers were not violative of Code Ann. § 81-1104. " 'It is not reversible error, under Section 81-1104 of the Code, for the judge, in discussing with counsel the admissibility of testimony, the propriety of a nonsuit, the direction of a verdict, or similar matters in progress of the trial, or in explaining his rulings upon questions of this nature to refer to the evidence or to the statements of witnesses, provided he does not go out of the line of legitimate discussion upon the point presented or use such language as to indicate apparent or actual judicial approval or disparagement of any witness or of any part of the testimony.' [Cits.]" *Miller v. State,* 122 Ga. App. 553, 554 (3) (177 SE2d 838) (1970). Furthermore, the record demonstrates that appellant's counsel did not object or move for a mistrial upon the trial court's alleged judicial expression or intimation of opinions. *Kapplin v. Seiden,* 109 Ga. App. 586 (3) (137 SE2d 55) (1964).

3. It was not error to overrule the appellant's motion for mistrial predicated upon the state's allegedly prejudicial closing argument. *Bryan v. State,* 137 Ga. App. 169, 174 (7) (223 SE2d 219) (1976).

4. Remaining enumerations of error are found to be meritless or

to have been abandoned.
*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Gene Reeves, Jack T. Elrod,* for appellant.
*W. Bryant Huff, District Attorney, Johnny H. Moore, Assistant District Attorney,* for appellee.