## 62589. YOUNG v. THE STATE.

DEEN, Presiding Judge.

Luther Young appeals from his conviction for aggravated assault contending that the trial court erred in failing to charge self-defense in addition to the charge on defense of habitation even without a request. *Held:*

The victim testified that he was shot by the defendant while visiting him at his home while they were having a drink. There is no evidence that a quarrel preceded the shooting. The appellant contended that he was sleeping in his room, awakened and found the victim going through his dresser drawer where he kept his money. After he asked the intruder what he was doing, the victim pulled out a knife and held it "in cutting position." He claimed that he shot him "[o]n account of my money because I figured he was looking for my money. When I asked him about it that's when he cocked the knife." Young claimed that he did not report his reason for the shooting to the police because he panicked and raised this issue eight months later at trial. The police searched the bedroom, but did not find a knife and the defendant admits that he never found it.

"To establish his plea of self-defense, the defendant must show that the circumstances were such as to excite the fears of a reasonable man that his life was in danger; a mere unreasonable apprehension or suspicion of harm being insufficient." *Weldon v. State,* 84 Ga. App. 634 (3) (66 SE2d 920) (1952). This standard was applied in *Brown v. State,* 139 Ga. App. 466 (228 SE2d 602) (1976) where the fact situation was very similar to that in the present case. The only evidence in that case was the defendant's testimony that when he approached the victim's truck he saw a shotgun lying on the seat, that he saw the victim reach down for the gun, and that he thought if the victim ever got out with the gun he would have killed him. The

defendant's conviction for aggravated assault was affirmed despite his allegation that it was error to fail to charge on self-defense without a request. Here, the trial court did not err in charging only defense of habitation.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 14, 1981.

*Lawrence L. Schneider,* for appellant.
*Bob Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.