## 38029. DARLING v. THE STATE.

JORDAN, Chief Justice.

Woodrow Darling was convicted in Colquitt County for the murder of his first cousin, Bernice Weatherspoon, and was sentenced to life imprisonment. He appeals. We affirm.

1. He first raises the general grounds. The jury heard evidence from which any rational trier of facts could have found the following beyond a reasonable doubt.

Although appellant and the victim were first cousins, they dated, lived together, and had a sexual relationship or an affair while they previously lived in Jesup, Georgia.

After the victim moved to Norman Park, Georgia, to live with her brother, Thomas Darling, appellant visited her three times.

During appellant's last visit in the Darling residence, he knocked on the victim's door at night, ostensibly for the purpose of getting a pillow. The victim told him to get one from her aunt. Appellant got a pillow, then went outside and started his automobile. He returned to the house about five minutes later. He then knocked on the victim's door once more, ostensibly to tell her she had a flat tire on her automobile. The victim told him to leave her alone.

Appellant and the victim were heard arguing on the same evening. He and the victim had driven to Moultrie, Georgia, earlier that afternoon, together with the victim's daughter, to do some visiting with a friend. The victim's boyfriend had driven up during the visiting and had kissed the victim, at which time appellant became visibly angry.

Appellant and the victim were seen leaving the victim's brother's home the next morning. Since the victim's tire was flat, appellant asked her if she wanted to use his automobile. She replied in the negative, and walked down the road toward Morning Grove Church. About five minutes later, appellant was seen driving in the same direction.

Shortly after appellant drove away, a gunshot was heard coming from the church area. Appellant's automobile, which had a loud and distinctive sound, was heard driving away following the gunshot.

Soon thereafter, the victim was found by passersby lying by the side of the road. Other passersby had seen appellant drive slowly by the victim prior to the gunshot, and had seen the victim wave her arms at the appellant, indicating that he should drive on.

The road where the victim was killed is an isolated rural road and is the only road between Norman Park and the main highway. All other roads in the area are deadends.

Appellant admitted having gone to Moultrie with the victim

during the afternoon of the previous day, but denied that he had become angry with her, or that they had an argument, or that he had tried to sleep with her the previous night. He said he drove down the road, crossing Little River Bridge, but did not see the victim along the road, and that he drove on to Florida, where he first learned of the shooting when he called his mother in Jesup, Georgia. He denied having an affair with the victim or shooting her.

The .38 caliber pistol identified by the state's ballistics witness as the murder weapon was recovered by fishermen under the Little River Bridge, and was turned in by them to the sheriff when they learned of the shooting. The gun contained one empty cartridge and five live rounds of ammunition. Tests confirmed that the fatal bullet was fired from this pistol. The pistol was identified by a local merchant as having been sold to appellant's mother back in 1969. The serial number on his records matched the serial number on the pistol.

The victim died of a single gunshot wound to the side of her head. The shot entered through the ear, and was fired at a distance greater than three feet because there was no powder residue in the wound.

The foregoing evidence is sufficient to sustain the verdict under the current legal standard. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant next contends that the trial court erred by allowing the merchant who sold the murder weapon to appellant's mother to testify that the purchaser of the weapon, Gertrude Darling, is appellant's mother. The objection was interposed under Code Ann. § 38-303, as it pertains to proof of pedigree "by general repute in the family," because the merchant testified under cross-examination that he is not related to appellant's family.

The merchant identified the purchaser as Gertrude Darling. He testified that he had known Gertrude Darling and appellant for many years and that Gertrude Darling is appellant's mother. We do not reach the question of whether the admission in evidence of the merchant's testimony regarding the family relationship between appellant and the purchaser of the pistol was error because under cross-examination appellant identified Gertrude Darling as his mother. The error, if any, thus was harmless.

3. Appellant next contends that the trial court erred by admitting in evidence testimony that he and the victim had had a sexual relationship or an affair while they were living together in Jesup, Georgia. He contends this testimony was irrelevant and that it improperly put his character in evidence.

Other testimony indicating that appellant was jealous of the victim's relationship with another man, that the appellant had

sought entry to the victim's sleeping quarters during the night before the shooting but was not allowed to enter the room by the victim, and that the appellant and the victim had argued that night tended to show appellant's motive for shooting the victim. The evidence of a previous sexual relationship between the appellant and the victim was admissible to illustrate his motive although it incidentally put his bad character in evidence. *Rini v. State,* 236 Ga. 715, 716 (2) (225 SE2d 234) (1976).

4. Appellant contends the trial court erred by instructing the jury that motive was not an essential element of the offense of malice murder which must be proven by the state. He insists that lack of motive to kill was his principal defense and that, accordingly, the effect of the charge was to instruct the jury to ignore his principal defense.

We disagree. The court charged that malice and intent were essential elements of the crime of malice murder, both of which must be proven by the state beyond a reasonable doubt, but that motive was not an essential element of the crime of malice murder that must be proven by the state. This was not an instruction to ignore appellant's defense of lack of motive. We agree with the state that it is incorrect to assume that motive automatically becomes an essential element of the crime of malice murder simply because it may be relevant to malice and intent, which are essential elements of the crime of malice murder. *Spencer v. State,* 231 Ga. 705, 708 (203 SE2d 856) (1974); *Phillips v. State,* 207 Ga. 336 (61 SE2d 473) (1950).

5. Appellant contends he was deprived of a fair trial before an impartial jury because two jurors saw him riding in the elevator up to the courtroom and being brought into the courtroom wearing handcuffs.

The court offered defense counsel the opportunity to voir dire the two jurors as to whether or not their chance seeing of the defendant in handcuffs would cause them any bias, prejudice or leaning in the case, or prevent appellant from having a fair trial. The court also offered to instruct the two jurors not to mention to the other jurors that they had been questioned about the matter. Appellant declined to accept the court's offer to examine the two jurors. Proof of the incident therefore rested upon defense counsel's having stated in his place that the event occurred.

Assuming, without deciding, that the proof of the incident was adequate to establish the fact of its occurrence, we conclude that the trial court did not abuse its discretion by denying the motion for mistrial. During transportation of a person accused of murder "It was natural for the police to have him handcuffed for security reasons, and the jury would not have been shocked to see it." *Gates v. State,*

244 Ga. 587, 593 (261 SE2d 349) (1979). See, also *Moore v. State,* 240 Ga. 210, 212 (3) (240 SE2d 68) (1977).
*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 13, 1981.

*Dwight H. May,* for appellant.
*Lamar Cole,* District Attorney, *James Thagard,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Virginia H. Jeffries,* Assistant Attorney General, for appellee.