67662. McDONALD v. THE STATE.

CARLEY, Judge.

Appellant was convicted of aggravated assault. He appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant first contends that the trial court erred by expressing its opinion during the course of the trial, in violation of OCGA § 17-8-55. The record reveals that the alleged expressions of opinion occurred when the trial court ruled that it would not charge the jury on self-defense, and again during the sentencing portion of the trial. On both occasions, the trial court's remarks were made outside the presence of the jury and in the context of a particular ruling. "During the course of a trial it is error for a judge to express his opinion as to what has or has not been proved. However, remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. [Cits.]" *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980). See also *Jones v. State*, 159 Ga. App. 634, 637 (2) (284 SE2d 651) (1981). "The purpose of [OCGA § 17-8-55] is to prevent the jury from being influenced, not to keep the judge from making up his own mind. [Cit.] . . . As the jury was not present in the courtroom at the time of these [remarks], there was no violation of the above statute." *Jones v. State*, 250 Ga. 498, 499-500 (4) (299 SE2d 549) (1983). The trial court's remarks were not violative of OCGA § 17-8-55. Furthermore, the record demonstrates that appellant's counsel did not object or move for a mistrial based upon the court's alleged expressions of opinion. *Jones v. State*, 159 Ga. App. 634, supra.

2. In two separate enumerations, appellant asserts as error the failure of the trial court to charge the jury on self-defense and on justification.

Appellant testified that on the afternoon of August 5, 1982, he patronized Kitten's Korner Bar, where he drank several beers and engaged in arm wrestling with a man named Roger. Appellant then left the bar, and had walked approximately one block when Roger and another individual stopped him in order to "finish what we started at the bar." A third individual drove up in an automobile and offered to help Roger, and, from the back seat of the automobile he produced what appeared to appellant to be a shotgun. Appellant testified that he feared for his life, and began running toward his house with the men chasing him. The evidence is uncontradicted that appellant ran into his house and emerged a few minutes later with a shotgun. By this time, the men who had chased appellant were no longer anywhere in the vicinity. However, at that time, the victim, a thirteen-year-old boy on vacation with his family, was walking across the street from appellant's house toward the beach. The victim saw appellant emerge from his house and point the shotgun toward him. The victim yelled to appellant not to shoot, that he had not done anything, and started to run. Appellant fired the gun, hitting the victim in the leg. Appellant testified that when he reached the house he was dizzy, and that he remembered having the gun, but that he did not remember pulling the trigger or even seeing the victim.

" 'To establish his plea of self-defense, the defendant must show that the circumstances were such as to excite the fears of a reasonable man that his life was in danger; a mere unreasonable apprehension or suspicion of harm being insufficient.' [Cit.]" *Young v. State*, 160 Ga. App. 51 (286 SE2d 54) (1981). "It is clear from the testimony that any imminent danger justifying self-defense had passed by the time [appellant] returned to the scene of the altercation." *Loggins v. State*, 147 Ga. App. 122, 123 (248 SE2d 191) (1978). The individuals who had chased appellant were no longer anywhere in the vicinity. Furthermore, appellant testified that the victim had not put him in fear of his life as he never saw the victim before he shot the gun. The only person who was armed at the time of the shooting was appellant. The trial court charged the jury on intent, mistake of fact, and justification by misapprehension of fact. The trial court did not err in failing to give appellant's requested charges on self-defense and justification. *Satterfield v. State*, 248 Ga. 538 (2) (285 SE2d 3) (1981); *Carter v. State*, 150 Ga. App. 119, 120 (4) (257 SE2d 11) (1979); *Lanham v. State*, 243 Ga. 576 (255 SE2d 52) (1979); OCGA § 16-3-21.

3. Appellant asserts that the trial court erred in failing to define the word "justification" to the jury in its charge on justification by misapprehension of fact. The record reveals that appellant did not

make a written request for a charge defining "justification." "In the absence of a written request, there was no error in the omission of such a charge. [Cits.]" *Brown v. State,* 167 Ga. App. 61, 64 (5) (305 SE2d 870) (1983). See also *Young v. State,* 163 Ga. App. 507, 508 (3) (295 SE2d 175) (1982).

4. Appellant finally contends that the trial court erred in denying his motion for a directed verdict of acquittal. Contrary to appellant's assertions, we find that the evidence was sufficient for a rational trior of fact to find appellant guilty of aggravated assault. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 14, 1984.

*Morton J. Gold, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.