### 70613. MOORE et al. v. THE STATE.
(336 SE2d 365)

BENHAM, Judge.

Appellants William Moore and Raymond Smith were each found guilty of simple assault. Both appeal, questioning the trial court's denial of their motions for directed verdicts of acquittal and the court's refusal to give 11 of their requested charges.

1. The State presented evidence that Moore retrieved a shotgun from his pickup truck after Kenney Harris shook his finger at Moore. Moore placed a cartridge in the chamber, released the safety, pointed the weapon at Harris' head, a distance of 1-½ feet, and threatened to blow his head off. Simultaneously, Moore's companion, appellant Raymond Smith, pointed his semi-automatic rifle at the men with Harris, including victim Jerry Moody, holding them at bay. Inasmuch as there was sufficient evidence from which a rational trier of fact could find appellants guilty of simple assault beyond a reasonable doubt, the denial of the motion for directed verdicts of acquittal was proper. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984). Just as in *Humphrey*, the jury was authorized to disbelieve appellants' defense of justification.

2. Appellants' remaining enumerations of error concern requested jury charges the trial court failed to give. The first request concerned self-defense and instructed the jury to equate the appellants' perception of apparent danger with real danger. However, " '[t]o establish his plea of self-defense, the defendant must show that the circumstances were such as to excite the fears of a *reasonable man* that his life was in danger; a mere unreasonable apprehension or suspicion of harm being insufficient.' [Cit.]" (Emphasis supplied.) *Young v. State*, 160 Ga. App. 51 (286 SE2d 54) (1981). Appellants' perception of ap-

parent danger is not, as a matter of law, equivalent to the fears of a reasonable man. It was not error to refuse to give the charge.

3. The trial court sufficiently apprised the jury that opprobrious or abusive words may be sufficient provocation to justify appellants' actions. It also sufficiently charged the jury that proof beyond a reasonable doubt was necessary for conviction. Likewise, the trial court, by quoting at length from OCGA § 16-3-21, adequately discussed the law of justification and presumption of innocence. Reasonable fear and flight were also adequately covered in the trial court's charge. It was not necessary to use the exact language as proposed by appellants in their various requests to charge on these topics, since the points of law were sufficiently covered.

4. Appellants complain that the trial court erred when it failed to tell the jury that a defendant did not have to carry the burden of explaining a fact or justifying conduct beyond a reasonable doubt. The requested charge stated that a defendant had carried his burden if a reasonable doubt as to guilt was implanted in the jury's collective mind. Such a charge was correctly refused since it was not a correct statement of law. A criminal defendant need not prove his innocence or his affirmative defense beyond a reasonable doubt. It is incumbent upon the state to prove guilt and to disprove any affirmative defense beyond a reasonable doubt. Placing an evidentiary burden upon appellants in this case would have constituted error. Compare *Jones v. State*, 160 Ga. App. 209 (2) (286 SE2d 764) (1981). See also *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

5. Appellants next complain of the trial court's failure to give a charge found in *Southern R. Co. v. Smalley*, 116 Ga. App. 356 (3) (157 SE2d 530) (1967). The trial court informed the jury that proof beyond a reasonable doubt was necessary for conviction. Appellants' requested charge concerning "evenly balanced evidence" was not necessary.

6. Appellants were also refused a charge concerning the strict construction to be given criminal statutes. As in *Beldonza v. State*, 160 Ga. App. 647 (4) (288 SE2d 37) (1981), the statute itself in the case at bar was in no way under attack. Therefore, the requested charge was inappropriate and properly refused. Compare *Wood v. State*, 68 Ga. App. 43 (21 SE2d 915) (1942), cited by appellants.

7. Appellants' final enumerated error concerns the trial court's failure to give a charge on convictions based on circumstantial evidence. See *Patrick v. State*, 75 Ga. App. 687 (2) (44 SE2d 297) (1947). That not being the situation in the case at bar, it was not error to fail to give such a charge. See *Johnson v. State*, 230 Ga. 196 (5) (196 SE2d 385) (1973), overruled on another ground, *Head v. State*, 235 Ga. 677, 679 (221 SE2d 435) (1975).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 18, 1985.

*John R. Thigpen, Sr.*, for appellants.
*Harry D. Dixon, Jr., District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.