75785. WELLS v. THE STATE.
(366 SE2d 397)

POPE, Judge.

Defendant appeals from his conviction of the offense of aggravated assault. We affirm.

1. Defendant's first enumeration of error challenges the verdict on the general grounds. The evidence construed most strongly in favor of supporting the verdict shows defendant came and sat down on the front porch of the victim's apartment where the victim was sitting with two of his neighbors. Defendant asked for a cigarette and the victim gave him one. Defendant made some remarks, but the victim did not know if they were directed at him because defendant has a habit of talking about politics, revolution and otherwise talking to himself. As the victim rose from his seat to go inside the front door of the apartment, defendant, without warning, stabbed him with the broken-off blade of a steak knife he had concealed in the cuff of his

sock. "Considering the evidence in the light most favorable to the verdict, a rational trier of fact reasonably could find defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. . . ." *Jackson v. State*, 180 Ga. App. 363 (1) (349 SE2d 252) (1986).

2. Defendant argues the trial court erred in refusing to charge the jury on self-defense, which was defendant's sole defense to the charges. Defendant testified he knew the victim sometimes carried a gun, but admitted he saw no gun on the victim at the time of this incident. Defendant claims he believed the victim was about to harm him because the victim rose and stood over him and said, "If you don't shut up I'll kill you." Defendant did not testify that the victim made any threatening moves except to stand up over him. We agree with the trial judge that defendant's testimony was legally insufficient to raise the issue of self-defense. " 'To establish his plea of self-defense, the defendant must show that the circumstances were such as to excite the fears of a reasonable man that his life was in danger; a mere unreasonable apprehension or suspicion of harm being insufficient.' *Weldon v. State*, 84 Ga. App. 634 (3) (66 SE2d 920) [(1951)]. Clearly a charge on self-defense would not have been adjusted to this evidence." *Brown v. State*, 139 Ga. App. 466, 467 (228 SE2d 602) (1976). See also *Young v. State*, 160 Ga. App. 51 (286 SE2d 54) (1981). Those cases cited by defendant as support for his argument that the trial court must charge the jury on defendant's sole theory of defense are distinguishable because in those cases the defendant did introduce legally sufficient evidence in support of his asserted defense. See, e.g., *Smith v. State*, 109 Ga. 479 (3) (35 SE 59) (1900); *Jackson v. State*, 154 Ga. App. 867 (2) (270 SE2d 76) (1980); *Mason v. State*, 1 Ga. App. 534 (6) (58 SE 139) (1907).

3. Finally defendant argues the court erred in denying his motion for mistrial on the ground the court caused him to appear before the jury in handcuffs. The record shows the jury re-entered the courtroom during their deliberations to request additional instruction from the judge on the difference between simple assault and aggravated assault. After the jury again retired to the jury room, defendant's attorney stated on the record that defendant had been handcuffed to his chair while the jury was being instructed the second time. The judge stated on the record that he did not believe the jurors could see the handcuffs and denied defendant's motion for mistrial.

Although it is no longer addressed by statute, the right of a criminal defendant to make his appearance before the jury free from shackles or bonds is recognized as an important component of a fair and impartial trial. *McKenzey v. State*, 138 Ga. App. 88 (1b) (225 SE2d 512) (1976). Absent a showing of prejudice by the defendant, it is within the discretion of the trial judge to determine whether a mis-

trial should be granted where it is alleged by defendant that one or more jurors observed him in handcuffs. *Darling v. State*, 248 Ga. 485 (5) (284 SE2d 260) (1981); *Moore v. State*, 240 Ga. 210 (3) (240 SE2d 68) (1977). The trial court in this case expressly found no reason to believe the jury had been prejudiced. We find the court did not abuse its discretion in denying the motion for mistrial.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 24, 1988.

Christine A. Van Dross, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Joyce M. Averils, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.