A90A1893. NICHOLS v. THE STATE.
A90A2110. ATHA v. THE STATE.
(401 SE2d 338)

CARLEY, Judge.

After being jointly tried before a jury, appellants were both found guilty of aggravated battery. Each filed a separate notice of appeal from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt. As companion cases, the two appeals are hereby consolidated for appellate disposition in this single opinion.

### Case No. A90A1893

1. Appellant Nichols gave an incriminating statement to the investigating officers. Before this statement was admitted into evidence at the joint trial, the incriminatory references to the co-defendant's participation in the crime were edited therefrom. Appellant enumerates as error the admission of the edited version of his statement into evidence.

Editing appellant's statement to delete the incriminatory references to his co-defendant was mandated by *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). Appellant makes no contention that his statement was edited so as to delete any exculpatory or mitigating references to his own criminal culpability. See *United States v. Kershner*, 432 F2d 1066, 1072 (10) (5th Cir. 1970). Accordingly, there was no error in admitting into evidence the edited version of appellant's statement.

2. Appellant filed a pre-trial motion to suppress a baseball bat which had been seized from the back seat of his automobile, which he was occupying when he was arrested on the day after the victim had been severely beaten.

" '(W)hen a policeman has made a lawful, custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.' [Cits.] Appellant was arrested . . . before the passenger compartment of his automobile was searched. The search was therefore legal so long as the arrest itself was legal." *Coley v. State*, 177 Ga. App. 669 (1) (341 SE2d 9) (1986). Appellant was arrested pursuant to a warrant and he makes no contention that the arrest itself was illegal. Accordingly, the motion to suppress was correctly denied.

3. The State moved for a continuance based upon the absence of

one of its witnesses. The trial court's grant of this motion for a continuance did not constitute reversible error. See generally *Smith v. State*, 154 Ga. App. 541 (1) (268 SE2d 768) (1980).

4. The failure to give, without written request, a charge on self-defense is enumerated as error. However, there was no evidence to authorize a finding that the commission of an act which would otherwise constitute the crime of aggravated battery was justified as an act of self-defense. See *Hale v. State*, 135 Ga. App. 625, 627-628 (2) (218 SE2d 643) (1975). Accordingly, it was not error to fail to give the unrequested charge. See *Carter v. State*, 150 Ga. App. 119, 120 (4) (257 SE2d 11) (1979).

## Case No. A90A2110

5. Appellant Atha enumerates as error a purported violation of OCGA § 15-12-131. A review of the record clearly demonstrates that this enumeration of error is without merit. *Perez v. State*, 258 Ga. 343, 344 (2) (369 SE2d 256) (1988).

6. The trial court did give a correct charge on the meaning of the concept of "rendered useless" as employed in OCGA § 16-5-24 (a), and it was not error to refuse to give appellant's written request for an incorrect charge on the meaning thereof.

7. Appellant's remaining enumerations have been considered and are either moot by virtue of our holdings in the companion case or otherwise have no merit.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1991.

*Wayne L. Burnaine*, for appellant (case no. A90A1893).
*D. Warren Auld*, for appellant (case no. A90A2110).
*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, for appellee.