## A96A0004. HINES v. THE STATE.
(470 SE2d 787)

JOHNSON, Judge.

Jeffrey Hines appeals from his conviction on various child molestation charges involving two eight-year-old girls, to whom we will refer in this opinion as "T. H." and "K. I." At trial a videotape of statements given by the girls was admitted into evidence. T. H. also testified at trial, completely recanting her videotaped statement. T. H. explained the inconsistency between her trial testimony and her statement to investigators by claiming that K. I. had threatened to tell people that she had been chasing boys. K. I. did not testify at trial. Hines contends the trial court erred in refusing to admit evidence that K. I. had previously made false allegations of molestation against other men.

"In *Smith v. State*, 259 Ga. 135, 136 (1) (377 SE2d 158) [(1989)], the Supreme Court of Georgia held that, subject to a threshold determination, evidence of prior false allegations by a [molestation] victim does not fall within the proscription of rape-shield laws and that such evidence may be admitted. However, before admitting evidence of prior false accusations the trial court, outside the presence of the jury, must determine that a reasonable probability of falsity exists. The threshold determination is included in the procedure mandated by the Supreme Court for the express purpose of protecting the prosecutrix from unfounded allegations that she has made false allegations in the past. . . . A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations and punctuation omitted.) *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312) (1992).

The State filed a motion in limine to prevent the defendant from introducing any evidence of prior child molestation or any other matter which would violate the provisions of OCGA § 24-2-3 (c), the rape shield statute. In response, Hines informed the trial court that he had evidence that one of the alleged victims, K. I., had previously made false accusations of child molestation, that such evidence would be admissible under *Smith v. State*, and that admitting this evidence would not violate the rape shield statute. In connection with this motion, the court allowed a proffer of evidence from the child's aunt prior to trial. The aunt testified that she had taken the girl to live with her because she was concerned about the conditions in which the girl was living. She stated that the child lived in a trailer with her father, who drank too much, and several other men. There the child had access to pornographic magazines, which she had brought to her aunt's home on previous visits. The aunt told the court that K. I. had reported to a babysitter, who then reported to her, that K. I.'s 17-year-old cousin, the aunt's son, had "touched" and "messed

with" her. The aunt testified that she questioned the child about the details which had been reported to the babysitter. The aunt determined that the alleged molestation could not have occurred at the time and in the place the child had reported. Specifically, the aunt testified that she had confronted K. I. with inconsistencies in the details of the story she had told the babysitter. For example, the babysitter was told by K. I. that her cousin had "messed with" her on a day it turned out the cousin was at work and not even with K. I.; that when confronted with that fact, K. I. changed her story and said the incident had occurred in the woods beside the aunt's house when K. I. was six years old. When it was pointed out that there were no woods near the house, K. I. changed her story again, this time saying that the incident had occurred in a playhouse. When it was pointed out that there was no playhouse near the cousin's house, K. I. allegedly changed her story yet again. This time she said it happened in her "pawpaw's" trailer, but the aunt pointed out that not only did the grandfather not have the trailer at the time the incident allegedly occurred, but that the cousin lived with his father at the time in a different community, not with the aunt or grandfather. As the aunt continued trying to confirm the details, K. I. told her "[I]f it didn't happen, it's going to." The defense also produced the alleged perpetrator, who unequivocally denied any improper conduct with the girl. The trial court's ruling disallowing the testimony is somewhat confusing because it appears from what he said[1] that the judge found that the child-victim's allegation of abuse by the cousin was unreliable. The court nevertheless refused to admit evidence of this unreliable allegation apparently because he thought the rape shield statute required him to keep this testimony from the jury. Thus, we can only conclude that the court failed to make the required determination as to whether there is a reasonable probability that the child's accusation against her cousin was false. From the testimony presented, we find a reasonable probability of falsity of that accusation sufficient to undermine confidence in the outcome of this trial. See *Smith*, supra. Accordingly, we find that the testimony should have been admitted for the jury's consideration of K. I.'s credibility. It was error to exclude this evidence.

A second man K. I. had also accused of molesting her was allowed to testify, but that testimony was ultimately stricken and the jury instructed not to consider it. The witness was still under indict-

---

[1] Quoting verbatim from the transcript, we note that in ruling, the trial court said, "The court finds, under the testimony at this point, there is insufficient evidence before this court to show that the statements of the child are indicia of reliability, that there is not sufficient evidence to show that the child is reliable in the statements made, and therefore, the Court will uphold the Rape Shield Statute and not permit the testimony."

ment in another county on charges of molesting K. I. The case was several years old at the time of this trial. It was unclear whether the case was going to be pursued; K. I.'s father indicated that he had been advised by a counselor to let the matter drop. The witness testified on direct examination about the charges and stated that he had never committed any of the acts alleged. After completing direct examination, the State and the court inquired whether he had discussed testifying in this case with counsel and informed him his testimony could be used against him in any subsequent proceedings. After this warning, the witness refused to submit to cross-examination, and the court instructed the jury to disregard the testimony elicited on direct examination. "The true rule is that when a witness declines to answer on cross examination certain pertinent questions relevant to a matter testified about by the witness on direct examination, all of the witness' testimony on the same subject matter should be stricken." (Citations, punctuation and emphasis omitted.) *Brown v. State*, 139 Ga. App. 466 (1) (228 SE2d 602) (1976). We find no error in the trial court's treatment of this witness and his testimony, and comment upon it only for purposes of retrial.

Finally, K. I.'s father testified that his daughter had also accused his brother, her uncle, of molesting her. The father did not report these allegations to anyone. Although a jury may have interpreted the father's decision not to pursue the incident as evidence that he did not find the report credible, he testified that he believed his daughter. The defense had not been informed of this incident prior to trial, and presumably had not interviewed this uncle or secured his attendance at trial. See *Eason v. State*, 215 Ga. App. 614, 615 (1) (451 SE2d 820) (1994). Because no evidence had been presented at the time of this proffer to support a theory that the allegations against the uncle were false, the trial court did not err in keeping this incident from the jury.

Ironically, in a previous case involving Hines, the Supreme Court found that the trial court abused its discretion by refusing to allow the defense to cross-examine a State's witness about the existence of a negotiated sentence with the State. Because that witness was the only person who could identify Hines as the perpetrator of the crime, his credibility was key to the defense. Again in this case, the grant of a motion in limine prevented Hines from presenting his only real defense, challenging the victim's credibility as a result of at least one probable false accusation of molestation. While we find no error in the exclusion of evidence regarding the second and third men at this trial, the trial court's refusal to allow K. I.'s aunt and cousin to testify about prior false allegations made by K. I. interfered with a fair determination of Hines' guilt or innocence, and deprived him of a fair trial. We conclude that the trial court abused its discretion in

apparently determining that there was insufficient probability that the evidence of this prior false accusation could affect the outcome of the case and in excluding that evidence from the jury. Because the testimony was not admitted, Hines is entitled to a new trial.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 29, 1996.

*Edward F. Hurley*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.