## A99A0127. CASEY v. THE STATE.

(515 SE2d 429)

BARNES, Judge.

A jury convicted Joel Casey of rape, statutory rape, aggravated sodomy, and five counts of child molestation. Casey appeals, contending: (1) he is entitled to a new trial because the jury saw him in handcuffs; (2) the trial court should not have instructed the jury on rape in addition to statutory rape because the victim was under the age of fourteen; (3) there was insufficient evidence of force to support his rape conviction; and (4) the trial court should have directed a verdict in his favor on one of the child molestation charges because it merged with the aggravated sodomy charge. We affirm.

1. Casey claims he is entitled to a new trial because he was "shackled in full view of [the] jurors" on the last day of his trial. The evidence presented during the hearing on Casey's motion for new trial shows that two uniformed sheriff's deputies took Casey back to the jail during a break before the jury began their deliberations. Casey was placed in handcuffs, and several jurors were standing on the courthouse steps when Casey was escorted down the steps to a patrol car. At some point that day, Casey told his lawyer that he thought the jurors had seen him leaving the courthouse in handcuffs. The jury returned its verdict shortly after this break, and we cannot determine from the evidence presented during the motion hearing whether Casey told his counsel about this before the verdict. Casey did not move for a mistrial on the grounds that the jury could have observed him in handcuffs at any time before or after the verdict on the last day of his trial. He first asserted he was entitled to a new trial on this ground almost two months later.

No jurors testified in the motion for new trial hearing. As a result, we cannot determine from the record whether any juror actually saw Casey in handcuffs on the last day of his trial and, if so, whether it prejudiced them against him or influenced the verdict in any way.

The record does show, however, that the trial court did not dismiss the jurors from their duties at the conclusion of Casey's trial. Instead, he explained that they were required to serve as jurors for the entire week and ordered them to return at 9:00 the next morning. Thus, if Casey had raised this ground on either the last day of his trial or the next day, the jurors would have been available for the trial court to question them and determine if they had seen Casey in handcuffs and whether this resulted in any prejudice against Casey.

> Absent justifying circumstances, the defendant normally should not be seen by the jury handcuffed in the courtroom or courthouse. However, where one or more jurors by

chance see the defendant in handcuffs outside the court-room, it is not error to deny a motion for a mistrial. [Cits.]

*Gates v. State*, 244 Ga. 587, 593 (2) (261 SE2d 349) (1979). Moreover, "[a]bsent a showing of prejudice by the defendant, it is within the discretion of the trial judge to determine whether a mistrial should be granted where it is alleged by defendant that one or more jurors observed him in handcuffs. [Cits.]" *Wells v. State*, 186 Ga. App. 62, 63 (3) (366 SE2d 397) (1988).

Under the facts and circumstances of this case, we find the trial court did not abuse its discretion when it denied Casey's motion for a new trial. *Dennis v. State*, 170 Ga. App. 630, 632 (3) (317 SE2d 874) (1984) ("Abuse of discretion is the test on appeal where restraining devices have been used in the trial court."). There is no evidence in the record that any of the jurors actually saw Casey in handcuffs, and he failed to meet his burden of establishing prejudice.

2. In his second enumeration of error, Casey contends the trial court improperly charged the jury. However, Casey's counsel told the trial court at the conclusion of its charge to the jury that he had no exceptions to the charge. As a result, this enumeration presents nothing for us to review.

> The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge.

(Citations omitted.) *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982).

3. In his third enumeration of error, Casey contends there was insufficient evidence of force to sustain his rape conviction. Under OCGA § 16-6-1 (a), "[a] person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will." In *State v. Collins*, 270 Ga. 42, 43 (508 SE2d 390) (1998), our Supreme Court recently reiterated that "the state must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age." However, the Supreme Court also noted that "the quantum of evidence to prove force against a child is minimal." Id. at 44-45.

In this case, the ten-year-old victim testified that she did not

want the defendant to put his penis in her vagina and that she did not ask him to do it. She also testified that she had to ask him to stop more than once before he stopped. We find that a rational trier of fact could reasonably have found from this evidence that the defendant had forcible sexual intercourse with the victim. See *Williamson v. State*, 186 Ga. App. 589, 590 (1) (367 SE2d 863) (1988) (sufficient evidence of force when victim testified that she asked defendant to release her and he continued having sex with her). Compare *Collins v. State*, 229 Ga. App. 658, 660 (1) (a) (495 SE2d 59) (1997), aff'd, *Collins*, supra, 270 Ga. 42 (finding insufficient evidence of force in case where victim never told the defendant to stop or to leave her alone). As a result, sufficient evidence supports Casey's conviction for rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. In his final enumeration of error, Casey claims he was entitled to a directed verdict on the count of child molestation which alleged that he caused the victim to touch his penis with her hands because it merged with the aggravated sodomy charge alleging that he caused her to place her mouth on his penis. We find no merit in this enumeration because his convictions for these charges were based upon separate acts. *Bryant v. State*, 204 Ga. App. 856, 857 (2) (420 SE2d 801) (1992). The victim testified that she touched Casey's penis with her hand at his request on two occasions. She also testified that on another occasion, she touched his penis with her mouth.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 1, 1999 — 

*Charles G. Wright, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.